■ EDWARD H. EALEM et al., Plaintiffs, v EUROTECH CONSTRUCTION CORP., Appellant and Third-Party Defendant-Appellant, and J.T. MAGEN & Co., INC., Respondent and Third-Party Plaintiff-Respondent, et al., Defendants. [763 NYS2d 260] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered November 21, 2001, which denied defendant and third-party defendant Eurotech's cross motion to the extent it sought summary judgment on the third-party complaint and related cross claims, and which granted in part defendant and third-party plaintiff J.T. Magen's cross motion for summary judgment on its breach of contract claims against Eurotech, unanimously modified, on the law, J.T. Magen's cross motion denied, and otherwise affirmed, without costs.

Defendant Magen was the general contractor, and defendant Eurotech was one of Magen's subcontractors, at a work site where plaintiff was injured. Magen commenced a third-party action against Eurotech sounding in common-law and contractual indemnification arising from a purported agreement between the parties, and for breach of contract arising from Eurotech's failure to procure and maintain insurance coverage naming Magen as an additional insured. The narrow issue, at this juncture, is whether there existed such a binding enforceable contract as between these defendants. A Magen employee testified at his deposition that a specified purchase order constituted a binding written agreement, that work had commenced under the agreement, albeit prior to execution, and that he had signed the agreement on behalf of Magen, after which work under the agreement continued. A Eurotech employee whose responsibilities included contracts testified, to the contrary, that he did not believe there had been a written agreement. Eurotech's president submitted an affidavit averring that the course of dealings between the parties was to orally arrange for work to be performed, and that, in fact, there had been no written agreement on this job as to such work. The record copy of the purchase order states by its terms that it

would not be binding until signed by a Magen representative, and that "[c]ommencement of work outlined above is deemed acceptance by subcontractor." Attached to the purchase order is a very general itemization of masonry, fireproofing and plaster, with prices but no further details except for reference to enumerated architectural drawings that are not included in the record. Although the purchase order, or any other agreement, may incorporate by reference aspects of the agreed-upon performance, for purposes of our present review the purchase order as an agreement is lacking in specificity; a fair reading of this purchase order does not, on its face, indicate what work specifically was to be done. This purchase order also included hold harmless and indemnification provisions, and required the subcontractor to obtain various kinds of insurance with specified coverage limits and to name Magen as additional insured. The purchase order was not signed by the subcontractor, raising the question whether partial performance pursuant to the alleged course of conduct between the parties constituted the subcontractor's acceptance of the terms set forth in the purchase order. Although Magen contends that Eurotech's performance of work under the purchase order constituted acceptance of the terms of the purchase order and as such comprised a binding contract, Eurotech's president averred that "[t]he work which Eurotech performed for Magen was not done pursuant to any written purchase order." Moreover, as Eurotech notes on appeal, the record is silent as to whether Eurotech had ever discussed the terms of the purchase order or had received and reviewed a copy of it. Hence, on the basis of the conflicting sworn statements, and the facial ambiguity of the purported agreement as to the particular work to be performed and whether Eurotech, in fact, had commenced that particular performance, we cannot say as a matter of law that the purchase order was contractually enforceable. Rather, the nature of the work in relation to the purchase order remains factually unresolved. We have considered appellant's remaining contentions and find them to be unavailing. Concur—Tom, J.P., Saxe, Ellerin, Lerner and Gonzalez, JJ.