■ JOHN HANSEN et al., Plaintiffs, v 510 MANHATTAN AFFORDABLE HOUSING, LP, et al., Defendants. 510 MANHATTAN AFFORDABLE HOUSING, LP, et al., Third-Party Plaintiffs-Respondents, v HARON PLUMBING & HEATING CORP., Third-Party Defendant-Appellant. [770 NYS2d 21]—

Order, Supreme Court, Bronx County (Janice Bowman, J.), entered September 9, 2002, which, in an action for personal injuries by a worker, insofar as appealed from, denied third-party defendant employer's motion for summary judgment dismissing the third-party complaint of defendants building owner and building manager, and order, same court and Justice, entered on or about April 3, 2003, which, insofar as appealable, denied the employer's motion to renew, unanimously affirmed, without costs.

The motion court erred in holding that plaintiff's allegation that part of his ear was cut off raises a jury question as to whether he suffered a grave injury within the meaning of Workers' Compensation Law § 11. Just as "[t]he term 'loss of multiple fingers' cannot sensibly be read to mean partial loss of multiple fingers" (*Castro v United Container Mach. Group*, 96 NY2d 398, 401 [2001]), so too, the loss of part of an ear is distinguishable from the loss of an ear. Nevertheless, we affirm the denial of summary judgment in favor of the employer. An issue of fact exists as to whether plaintiff's injury arose out of the work called for in the purchase order pursuant to which the employer performed, and thus whether the employer is obligated to indemnify defendants under the purchase order (*see Ealem v Eurotech Constr. Corp.*, 307 AD2d 217 [2003]). We have considered and rejected the employer's other contentions. Concur—Tom, J.P., Saxe, Rosenberger and Williams, JJ.