■ KENNETH EVERITT, Respondent, v JOHN NOZKOWSKI et al., Respondents, and GEORGE S. SHUBACK, Appellant. [728 NYS2d 58] —In an action to recover damages for personal injuries, the defendant George S. Shuback appeals from so much of an order of the Supreme Court, Orange County (Berry, J.), entered July 21, 2000, as denied those branches of his motion which were for summary judgment dismissing the causes of action based upon Labor Law §§ 200 and 241 (6) insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Kenneth Everitt was injured on February 18, 1998, during the construction of a model home. The general contractor for the construction project had entered into an oral subcontract with the defendant George S. Shuback to provide all materials and labor necessary for the installation of drywall

(or sheetrock) in the model home. Shuback further subcontracted the drywall installation work to the plaintiff's employer, nonparty Mark Giza Drywall Application.

While performing drywall installation, the plaintiff injured his ankle when he stepped down from a drywall horse into a five-gallon spackle bucket. It is disputed whether the spackle bucket, which did not contain any spackle, was in the work area because it was being used by the general contractor to collect construction debris, or whether it was being used by the drywall workers to carry their tools and as a "step" to reach areas of higher elevation. The plaintiff alleges causes of action to recover damages for, *inter alia*, common-law negligence and violation of Labor Law §§ 200 and 241 (6).

Labor Law § 200 is a codification of the common-law duty to provide workers with a safe work environment (*see, Lombardi v Stout,* 80 NY2d 290, 294; *Giambalvo v Chemical Bank,* 260 AD2d 432). It applies to owners, contractors, or their agents (*see, Russin v Picciano & Son,* 54 NY2d 311) who have the authority to exercise supervision and control over the work bringing about the injury to enable it to avoid or correct an unsafe condition (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 352; *Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505; *Lombardi v Stout, supra,* 80 NY2d at 294-295; *Yong Ju Kim v Herbert Constr. Co.,* 275 AD2d 709, 712).

Similarly, Labor Law § 241 (6) places on owners, contractors, and their agents a nondelegable duty to keep areas in which construction work is being performed safe for those employed at such places (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* 81 NY2d at 501-502; *Long v Forest-Fehlhaber,* 55 NY2d 154, 159; *DaSilva v Jantron Indus.,* 155 AD2d 510). "When the work giving rise to these duties has been delegated to a third party, that third party then obtains the concomitant authority to supervise and control that work and becomes a statutory 'agent' of the owner or general contractor" (*Russin v Picciano & Son, supra,* 54 NY2d at 318). The interpretation by the Court of Appeals of the "statutory 'agent' " language limits the liability of a contractor as agent for a general contractor or owner for job site injuries to those areas and activities within the scope of the work delegated, or, in other words, to the particular agency created (*see, Russin v Picciano & Son, supra,* 54 NY2d at 318; *Rice v City of Cortland,* 262 AD2d 770, 771). The determinative factor on the issue of control is not whether a subcontractor furnishes equipment but whether he has control of the work being done and the authority to insist that proper

safety practices be followed (*see; Kehoe v Segal,* 272 AD2d 583, 584; *Serpe v Eyris Prods.,* 243 AD2d 375, 380).

The Supreme Court properly denied Shuback's motion for summary judgment on the Labor Law §§ 200 and 241 (6) claims. Shuback failed to sustain his burden of establishing, prima facie, that he was not the statutory agent of the general contractor for the drywall installation. In fact, the evidence establishes that Shuback did indeed have the authority to supervise and control the drywall installation. Shuback subcontracted out the work he was hired to perform. The undisputed deposition testimony of the parties, including Shuback, established that he visited the work site on a daily basis to check on the drywall installation crew and, more importantly, he instructed Giza and his crew as to how and where to install the drywall. Nevertheless, there exist questions of fact regarding Shuback's liability under the Labor Law, including whether the plaintiff was injured as the result of construction debris negligently placed in his work area, or whether the plaintiff's injury was the result of scattered tools and materials.

Shuback's remaining contentions are without merit. Ritter, J. P., Florio, H. Miller and Crane, JJ., concur.