■ JAMES F. MURPHY, JR., Respondent, v HERBERT CONSTRUCTION COMPANY, INC., Defendant, and AREY CONSTRUCTION CORPORATION, Appellant. [747 NYS2d 439]

Plaintiff was employed as an independent contractor for Forest City Ratner, the owner of a building rehabilitation project at 10 MetroTech Center. Plaintiff was assigned to evaluate the condition of the building with respect to the project's rehabilitation schedule. Appellant Arey Construction Corporation (hereinafter Arey) was the masonry subcontractor on the project. On the day of plaintiff's accident, the site safety employee of the general contractor Herbert Construction (hereinafter Herbert) asked plaintiff to accompany him and the project architect to inspect a cracked beam at the project. Plaintiff walked down the ramp and into the service room located in the lower level of the building. There were no lights on in the room, and plaintiff followed the beam of the flashlight held by the superintendent. Plaintiff could not see the floor and, after he took five or six steps, fell into a pit which he estimated to be about four feet deep.

Arey's cross motion for summary judgment on plaintiff's Labor Law § 240 (1) claim should have been granted as plaintiff failed to raise a triable issue of fact that Arey "had the authority to direct, supervise and control the work giving rise to the injury" (*Terranova v City of New York*, 197 AD2d 402, 402; *see also Russin v Louis Picciano & Son*, 54 NY2d 311, 318). Plaintiff testified at his deposition that although Arey was one of at least three subcontractors that worked in the room where he was injured, he believed Arey was working in the room where he fell on the day of his injury. However, plaintiff's belief is purely speculative, especially since there were no permanent or temporary lights or fixtures in the room, a circumstance which would indicate that no work was ongoing or had recently been done. Moreover, plaintiff's lack of knowledge about whether Arey was present on the day of the incident is further evidenced by plaintiff's admission that Arey could have installed the walls *before* the concrete slabs, which were installed by a subcontractor other than Arey. Since "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to defeat summary judgment, appellant's cross motion should have been granted (*Zuckerman v*

*City of New York*, 49 NY2d 557, 562). The fact that Arey was precluded by the court from submitting evidence on the issue of liability does not warrant a contrary result. Thus, the Supreme Court should have granted Arey's cross motion and dismissed the Labor Law § 240 (1) claim.

With respect to plaintiff's Labor Law § 241 (6) claim, Arey made a prima facie showing that it did not have the authority to control plaintiff's work at the time of the accident (*see Vieira v Tishman Constr. Corp.*, 255 AD2d 235, 236). Plaintiff failed to raise a triable issue of fact in opposition to the cross motion. Plaintiff testified at his deposition that he was at the work site at Herbert's request and further that there was no indication, other than his bald assertion, that Arey performed any work that day in the room where plaintiff fell. Plaintiff's conclusory allegations are insufficient to defeat summary judgment on this claim (*see Rotuba Extruders v Ceppos*, 46 NY2d 223). Therefore, the Supreme Court should have dismissed plaintiff's Labor Law § 241 (6) claim.

Appellant's remaining contentions are academic in light of our determination. Concur—Tom, J.P., Mazzarelli, Rosenberger, Wallach and Marlow, JJ.