■ ARTHUR WEBER et al., Respondents-Appellants, v BACCARAT, INC., Appellant, 625 MADISON AVENUE ASSOCIATES et al., Appellants-Respondents, and KING FREEZE MECHANICAL CORP., Respondent, et al., Defendants. [896 NYS2d 12]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered August 1, 2008, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to sever defendant IDI Construction Company from the action and granted their motion for summary judgment on the issue of liability under Labor Law § 240 (1) as against defendants Baccarat, Inc. and 625 Madison Avenue Associates only, unanimously modified, on the law, to grant the motion for summary judgment as against defendant King Freeze Mechanical Corp., and otherwise affirmed, without costs.

Plaintiff Arthur Weber was injured in a fall from the fourth or fifth rung of an A-frame ladder on which he was standing while installing a heating, ventilation and air conditioning (HVAC) system in a ceiling. Plaintiff testified that he heard a "pop" and saw the right rear leg of the ladder shift forward and separate from the top plate, causing the ladder to fall. This uncontested testimony that the ladder broke by itself established prima facie a violation of Labor Law § 240 (1) and that the

violation was a proximate cause of plaintiff's injuries (*Panek v County of Albany*, 99 NY2d 452, 458 [2003]; *Belding v Verizon N.Y., Inc.*, 65 AD3d 414 [2009]; *D'Amico v Manufacturers Hanover Trust Co.*, 177 AD2d 441, 442 [1991]). The fact that plaintiff was the only witness to his accident presents no bar to summary judgment in his favor since defendants failed to present a conflicting theory with supporting evidence or to raise any bona fide credibility issues with respect to his testimony (*see Rodriguez v Forest City Jay St. Assoc.*, 234 AD2d 68, 69-70 [1996]; *Klein v City of New York*, 222 AD2d 351, 352 [1995], *affd* 89 NY2d 833 [1996]).

Summary judgment should have been granted as against defendant King Freeze, as the record shows that King Freeze was a statutory agent of defendant IDI Construction Company (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]). King Freeze had the authority to supervise and control the work being done by plaintiff pursuant to the terms of its subcontract with IDI (*see e.g. McGurk v Turner Constr. Co.*, 127 AD2d 526, 529 [1987]). Moreover, it demonstrated this authority by subcontracting a portion of the HVAC work to plaintiff's employer (*see Williams v Dover Home Improvement*, 276 AD2d 626, 626 [2000]). The fact that IDI possessed concomitant or overlapping authority to supervise the entire renovation, including the installation of the HVAC system, does not negate King Freeze's authority to supervise and control the installation of the HVAC system (*Nephew v Klewin Bldg. Co., Inc.*, 21 AD3d 1419, 1420-1421 [2005]). Whether King Freeze actually supervised plaintiff is irrelevant (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]; *Rizzo v Hellman Elec. Corp.*, 281 AD2d 258 [2001]).

The motion court properly granted plaintiffs' motion to sever defendant IDI from the proceedings, as discovery had been completed and the case was ready to go to trial at the time IDI's bankruptcy petition was filed (*see Golden v Moscowitz*, 194 AD2d 385 [1993]), and severance does not prejudice the codefendants (*see Roman v Hudson Tel. Assoc.*, 11 AD3d 346 [2004]). Concur—Saxe, J.P., Moskowitz, Abdus-Salaam and Román, JJ.