■ Jesus Pacheco, Plaintiff, v Kew Garden Hills Apartment Owners, Inc., Respondent, and Headson Construction, Inc., Appellant, et al., Defendant. [906 NYS2d 3]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered April 16, 2009, which, to the extent appealed from, denied defendant Headson Construction, Inc.'s motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) and § 241 (6) claims as against it, unanimously affirmed, without costs.

Contrary to Headson's argument, the evidence does not demonstrate conclusively that plaintiff's injuries did not arise out of work delegated to Headson by the general contractor, thereby eliminating Headson's liability under Labor Law § 240 (1) and § 241 (6) as the general contractor's agent (see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]; see also Carter v Vollmer Assoc., 196 AD2d 754 [1993]; Davis v Lenox School, 151 AD2d 230 [1989]). Therefore, Headson's argument that it did not direct, control or supervise the work of the general contractor's employees is unavailing because its contract authorized it to supervise and control the work delegated to it (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500 [1993]; Weber v Baccarat, Inc., 70 AD3d 487, 488 [2010]), and its argument that Industrial Code (12 NYCRR) § 23-5.1 (h) is inapplicable because Headson was not responsible for the scaffold from which plaintiff fell is unavailing because its contract required it to furnish the scaffolding necessary to the performance of its work. Concur—Gonzalez, P.J., Friedman, DeGrasse, Manzanet-Daniels and Román, JJ.