■ THOMAS BURKE et al., Respondents, v HILTON RESORTS CORPORATION et al., Appellants-Respondents, and CENTURY MAXIM CONSTRUCTION CORP., Respondent-Appellant. HILTON RESORTS CORPORATION et al., Third-Party Plaintiffs-Appellants-Respondents, v CENTURY MAXIM CONSTRUCTION CORP., Third-Party Defendant-Respondent-Appellant, and REBAR LATHING CORP., Third-Party Defendant-Appellant-Respondent, et al., Third-Party Defendants. [924 NYS2d 358]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 1, 2010, which, insofar as appealed from, granted plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim as against defendants Hilton Resorts Corporation (Hilton) and Tishman Construction Corporation of New York (Tishman), and denied, as untimely, the respective cross motions of Hilton, Tishman, defendant Century Maxim Construction Corporation (Century) and third-party defendant Rebar Lathing Corporation (Rebar) for summary judgment, unanimously modified, on the law, to the extent of finding Rebar's cross motion timely and remanding the matter to Supreme Court for consideration of the cross motion, and, upon a search of the record, granting plaintiffs summary judgment on the issue of liability on the Labor Law § 240 (1) claim as against Century, and otherwise affirmed, without costs.

Plaintiff Thomas Burke fell approximately 15 feet through an unprotected hole in the floor of a construction site. Plaintiffs

established their entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240 (1) cause of action as against Hilton (owner) and Tishman (construction manager) (*see John v Baharestani*, 281 AD2d 114 [2001]). The evidence demonstrates that insufficient safety devices were provided (*see Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 9-10 [2011]; *see also Vargas v City of New York*, 59 AD3d 261 [2009]), and there is inadequate support for the claim that plaintiff was the sole proximate cause of the accident (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 563 [1993]).

Moreover, although plaintiffs did not appeal the court's denial of the motion for summary judgment on the section 240 (1) claim as against Century, a search of the record shows that summary judgment should have also been granted as against Century (*see e.g. Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]; *Valentin v Pomilla*, 59 AD3d 184, 187 [2009]). Century had contractual supervisory authority over the worked performed by its subcontractor, Rebar (plaintiff's employer), and was therefore a statutory agent of Tishman, even if it did not exercise that supervisory authority with respect to plaintiff's particular task (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]; *Weber v Baccarat, Inc.*, 70 AD3d 487 [2010]).

The court incorrectly found that Rebar's cross motion for summary judgment was untimely. The court's January 21, 2010 order provided that the parties had the right to move for summary judgment within 45 days of the date of the last deposition, which took place on March 12, 2010. Rebar served its cross motion on April 26, 2010, which was the last day within the deadline. As further discovery may be warranted with respect to issues raised in Rebar's cross motion, the matter is remanded to Supreme Court for a determination of the cross motion and, in its discretion, any related issues.

We have considered the remaining arguments of Hilton, Tishman and Century, including those regarding the timeliness of their respective cross motions, and find them unavailing. Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 33091(U).]**