[924 NYS2d 353]

Raimundo Nascimento, Respondent, v Bridgehampton Construction Corp. et al., Defendants, and Bayview Building & Framing Corp., Appellant.

First Department, June 2, 2011

APPEARANCES OF COUNSEL

*Fischetti & Pesce, LLP*, Garden City (*John E. McLoughlin* of counsel), for appellant.

*The Durst Law Firm, P.C.*, New York City (*John E. Durst, Jr.*, of counsel), for respondent.

**OPINION OF THE COURT**

Saxe, J.

This appeal brings up questions concerning subcontractor liability under the Labor Law's strict liability provisions.

Plaintiff was injured while employed as a laborer for what amounts to a sub-sub-subcontractor on a renovation project: the general contractor, defendant Bridgehampton Construction Corp., subcontracted the framing work to defendant Bayview Building & Framing Corp., the appellant here, which in turn subcontracted that work to defendant R&L Carpentry Corp., which further subcontracted the work to defendant Figueiredo Construction, plaintiff's employer.

In response to a motion by plaintiff for summary judgment on the issue of liability under Labor Law § 240 (1) and § 241 (6), Bayview cross-moved for summary judgment dismissing plaintiff's Labor Law claims as against itself. Bayview's position was that it did not have the authority to coordinate or supervise the work in order to control worker safety at the work site. It further argued that plaintiff's motion for summary judgment on the issue of Labor Law liability should be denied, inasmuch as differing witness testimony creates a question of fact as to whether the Labor Law was violated, and necessitates further discovery. Specifically, while plaintiff asserted that he fell into the basement while descending a ladder from a 14-foot-high platform which would become the first floor of the house, when the extended portion of the extension ladder, unsecured to the platform, slid down, an observer said he "saw a workman fall from the rafters" and "[t]here was no ladder in the area where the workman had fallen from."

The motion court granted plaintiff's motion, and denied Bayview's cross motion.

■ Initially, we agree with the motion court that the difference between the witnesses' factual recitations does not create a material issue of fact as to whether Labor Law § 240 (1) was violated. A violation of Labor Law § 240 (1) is stated whether plaintiff's fall was caused by an unsecured extension ladder that slipped or malfunctioned (*Dowling v McCloskey Community Servs. Corp.*, 45 AD3d 1232 [2007]), or whether it happened because he was required to work on rafters without safety devices protecting him from a fall through the open space to the basement area below (*see Angamarca v New York City Partnership Hous. Dev. Fund Co., Inc.*, 56 AD3d 264 [2008]).

Nor may Bayview avoid summary judgment under Labor Law § 240 (1) by suggesting that discovery is still necessary.

> "[W]hile determination of a summary judgment motion may be delayed to allow for further discovery where evidence necessary to oppose the motion is unavailable to the opponent, [a] determination of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence" (*Anne Koplick Designs, Inc. v Lite*, 76 AD3d 535, 536 [2010] [citation and internal quotation marks omitted]).

Bayview failed to provide a basis for the claim that further discovery would lead to additional relevant evidence.

Bayview argues that summary judgment on a Labor Law § 240 (1) case must be denied where there are conflicting versions of the accident. However, the cases it relies on are inapposite; all of them address inconsistencies in the plaintiff's various versions of the events, creating a need for cross-examination and justifying a challenge to his credibility (*see Saaverda v East Fordham Rd. Real Estate Corp.*, 233 AD2d 125 [1996]; *Colazo v Tower 45 Assoc.*, 209 AD2d 339 [1994]; *Wilson v Haagen-Dazs Co.*, 215 AD2d 338 [1995], *lv dismissed* 86 NY2d 838 [1995]).

However, with regard to whether there was a violation of a particular Industrial Code provision as a predicate for liability under Labor Law § 241 (6), the differing factual assertions as to how the accident occurred do preclude a determination as a matter of law, and in that respect, a grant of summary judgment was improper.

A more complex question is raised by Bayview's contention that as a subcontractor rather than the general contractor, it was entitled to summary judgment dismissing the claim against it because it did not have the authority to oversee the work plaintiff was performing or the site's safety conditions. In opposition to this contention, plaintiff argues that all subcontractors in the "chain of command" must be as liable as the general contractor.

■ Initially, we reject plaintiff's broad assertion; the law does not hold that all subcontractors in the "chain of command" are necessarily as liable as the general contractor. Rather, as a subcontractor rather than the general contractor, Bayview may be held liable for plaintiff's injuries under Labor Law § 240 (1) and § 241 (6) only if it had the authority to supervise and control

the work giving rise to the obligations imposed by these statutes, which would render it the general contractor's statutory agent (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]; *Murphy v Herbert Constr. Co.*, 297 AD2d 503 [2002]; *Vieira v Tishman Constr. Corp.*, 255 AD2d 235 [1998]). To be treated as a statutory agent, the subcontractor must have been "delegated the supervision and control either over the specific work area involved or the work which [gave] rise to the injury" (*Headen v Progressive Painting Corp.*, 160 AD2d 319, 320 [1990]). If the subcontractor's area of authority is over a different portion of the work or a different area than the one in which the plaintiff was injured, there can be no liability under this theory (*see Sabato v New York Life Ins. Co.*, 259 AD2d 535 [1999]; *Headen*, 160 AD2d at 319).

Subcontractors have been held to be the statutory agents of general contractors in situations in which provisions of the subcontracts explicitly granted supervisory authority (*see Weber v Baccarat, Inc.*, 70 AD3d 487, 488 [2010]; *Nephew v Klewin Bldg. Co., Inc.*, 21 AD3d 1419, 1421 [2005]), and those in which evidence showed that the subcontractors actually exercised supervisory authority (*see Everitt v Nozkowski*, 285 AD2d 442, 444 [2001]). Additionally, evidence that a subcontractor delegated the requisite supervision and control to another subcontractor has been cited as forming part of the proof that the first subcontractor formerly possessed that authority, and may justify imposing Labor Law liability on the first subcontractor as a statutory agent of the general contractor (*see Weber v Baccarat*, 70 AD3d at 488; *Everitt v Nozkowski*, 285 AD2d at 444).

In *Weber*, the plaintiff fell from a defective ladder while installing an HVAC system. This Court found that the plaintiff was entitled to summary judgment against the HVAC subcontractor, King Freeze, because "King Freeze had the authority to supervise and control the work being done by plaintiff pursuant to the terms of its subcontract with IDI. Moreover, it demonstrated this authority by subcontracting a portion of the HVAC work to plaintiff's employer" (70 AD3d at 488 [citations omitted]). The Court also observed that "[t]he fact that IDI possessed concomitant or overlapping authority to supervise the entire renovation, including the installation of the HVAC system, does not negate King Freeze's authority to supervise and control the installation of the HVAC system. Whether King Freeze actually supervised plaintiff is irrelevant" (*id.*).

In *Everitt,* the plaintiff was injured while installing drywall during construction of a model home. The Second Department noted that "[t]he general contractor . . . had entered into an oral subcontract with the defendant George S. Shuback to provide all materials and labor necessary for the installation of drywall (or sheetrock) in the model home[, and] Shuback further subcontracted the drywall installation work to the plaintiff's employer" (285 AD2d at 442-443). The Court affirmed the denial of Shuback's motion for summary judgment dismissing the Labor Law claim against him because

> "the evidence establishes that Shuback did indeed have the authority to supervise and control the drywall installation. Shuback subcontracted out the work he was hired to perform[, but] . . . he visited the work site on a daily basis to check on the drywall installation crew and, more importantly, he instructed [his subcontractor] and his crew as to how and where to install the drywall" (*id.* at 444).

Bayview relies on the assertion by its president that it did not coordinate and supervise the project and was not empowered to enforce safety standards, and points out that there was no written contract between Bayview and Bridgehampton Construction from which the terms of Bayview's authority may be definitively established. The record merely contains a written proposal from Bayview naming the work and its price, and Bayview's written subcontract with its subcontractor, R&L Carpentry, which provided that R&L was agreeing "to provide all labor, tools, equipment, *supervision* and other items necessary to execute the [framing] work" (emphasis added).

We conclude that Bayview's protestations do not entitle it to summary judgment. A finder of fact could find that when Bayview undertook responsibility for the framing work, and then subcontracted out that work, *specifying that the subcontract included the responsibility to supervise the work,* it acknowledged that the job it was subcontracting out *included supervision of the framing work.* The use of the word "supervision" in the subcontract does not alone establish the exact nature and extent of the assignment Bayview had been given by Bridgehampton; however, the particular circumstances presented here may permit the factfinder to infer that supervision of the framing work was part of the job Bayview had undertaken and, in turn, delegated to R&L. Moreover, nothing in its claim that it did not coordinate and supervise the work establishes as a matter of

law that it lacked the authority to do so. As this Court held in *Weber v Baccarat* (70 AD3d at 488), "Whether [the subcontractor] actually supervised plaintiff is irrelevant." Bayview's claims merely create a question of fact as to whether it possessed the necessary authority to be cast as a statutory agent for purposes of the Labor Law.

Importantly, once a subcontractor qualifies as a statutory agent, it may not escape liability by the simple expedient of delegating that work to another entity (*Inga v EBS N. Hills, LLC*, 69 AD3d 568, 570 [2010]). If it undertook the supervision of the framing work, Bayview cannot avoid liability under the Labor Law by showing that R&L further subcontracted the work to Figueiredo.

In view of the foregoing, the affidavit by Bayview's president fails to conclusively establish Bayview's entitlement to summary judgment. Rather, a question of fact is presented as to the authority Bayview was given when the work was originally subcontracted to it. Therefore, the denial of Bayview's cross motion for summary judgment was correct.

However, the question of fact regarding whether Bayview qualified as a statutory agent of Bridgehampton Construction requires us to reverse the grant of plaintiff's motion for summary judgment on the issue of liability.

Accordingly, the order of the Supreme Court, New York County (Milton A. Tingling, J.), entered January 15, 2010, which, insofar as appealed from, granted plaintiff's motion for summary judgment as against defendant Bayview Building & Framing Corp. on the issue of liability for violations of Labor Law § 240 (1) and § 241 (6), and denied Bayview's motion for summary judgment dismissing the Labor Law claims as against it, should be modified, on the law, so as to deny plaintiff's motion, and otherwise affirmed, without costs.

ANDRIAS, J.P., MOSKOWITZ, ACOSTA and FREEDMAN, JJ., concur.

Order, Supreme Court, New York County, entered January 15, 2010, modified, on the law, so as to deny plaintiff's motion, and otherwise affirmed, without costs.