OPINION OF THE COURT
Lucy Billings, J.
I. Background
Third-party defendant Bradshaw Mechanical Co., Inc., has moved to dismiss the amended third-party complaint and all cross claims against Bradshaw Mechanical Co. based on the failure to state a claim for relief under third-party defendant ASM Mechanical Systems’ subcontract with Bradshaw Mechanical Co. (CPLR 3211 [a] [1], [7].) In a stipulation dated March 29, 2012, Bradshaw Mechanical Co. withdrew its motion insofar as it sought to dismiss cross claims by ASM Mechanical Systems. No other third-party defendant opposes the motion.
The parties do not dispute that Bradshaw Mechanical Co. employed plaintiff, who claims injury while engaged in his employment at a construction site where his employer was a subcontractor. Defendant and third-party plaintiff CauldwellWingate Company, LLC, seeks contribution and indemnification for any liability to plaintiff from Bradshaw Mechanical Co. These third-party claims may not be maintained against plaintiffs employer absent a “grave injury” to plaintiff or a written contract providing for contribution or indemnification by his employer to third-party plaintiff. (Workers’ Compensation Law § 11; Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 367 [2005]; Tanking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004]; Hansen v 510 Manhattan Affordable Hous., 2 AD3d 274 [1st Dept 2003]; see Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d 427, 431-432 [2005]; Portelli v Trump Empire State Partners, 12 AD3d 280, 281 [1st Dept 2004]; Petrillo v Durr *876 Mech. Constr., 306 AD2d 25, 26 [1st Dept 2003]; Pena v Chateau Woodmere Corp., 304 AD2d 442, 444 [1st Dept 2003].) The parties also do not dispute that plaintiff claims he sustained a fractured wrist, which is not a grave injury.
There is no contract directly between third-party plaintiff and Bradshaw Mechanical Co. Third-party plaintiff contracted directly with ASM, which in turn subcontracted with Bradshaw Mechanical Co. Third-party plaintiff relies on that subcontract between ASM and Bradshaw Mechanical Co., which the parties stipulate the court may consider authenticated and admissible for purposes of this motion. (CPLR 3211 [a] [1]; e.g. Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 571 [2005]; Kinberg v Kinberg, 50 AD3d 512, 513 [1st Dept 2008]; Hicksville Dry Cleaners, Inc. v Stanley Fastening Sys., L.P., 37 AD3d 218 [1st Dept 2007]; Zanett Lombardier, Ltd. v Maslow, 29 AD3d 495 [1st Dept 2006].) In that subcontract, “the Subcontractor agrees to indemnify and hold harmless the Contractor (insert any additional parties), their officers, directors, agents, employees and partners” for all claims arising from, in connection with, or as a consequence of plaintiffs work on the construction site. (Aff in support of Peter M. Canty, exhibit F, ¶ 6; aff in opposition of Jessica L. Rothman, exhibit B, ¶ 6.) No “additional parties” are inserted; nor does the contract anywhere refer to third-party plaintiff; nor does it claim to be an officer, director, agent, employee, or partner of the contracting party ASM.
II. Third-Party Plaintiffs Claims against Bradshaw Mechanical Co.
Third-party plaintiff describes itself as the general contractor (GC) for the construction project: “hired by the General Services Administration for the performance of certain general contracting services for the infrastructure upgrade of the Thurgood Marshall U.S. Courthouse” in New York County. (Rothman aff in opposition ¶ 4.) Third-party plaintiff then contracted with ASM for the mechanical heating, ventilation, and air conditioning (HVAC) work on the project. ASM then subcontracted with Bradshaw Mechanical Co. to perform part of this work. Thirdparty plaintiff points out that this subcontract between ASM and Bradshaw Mechanical Co. provides for “indemnity in the event liability is imposed against the Indemnitees without negligence and solely by reason of statute, operation of law or otherwise.” (Canty aff in support, exhibit F, ¶ 6; Rothman aff in opposition, exhibit B, ¶ 6.) Therefore third-party plaintiff maintains that where the subcontract provides for indemnifica *877 tion of the “Contractor,” it must refer to third-party plaintiff because as the GC it may be liable to plaintiff without negligence and solely by reason of vicarious liability under Labor Law §§ 240 (1) and 241 (6) for contractors’ and subcontractors’ acts or omissions.
Labor Law §§ 240 (1) and 241 (6), however, impose absolute liability on construction site owners and general contractors “and their agents for any breach of the statutory duty which has proximately caused injury.” (Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333, 338 [2008]; see Ferluckaj v Goldman Sachs & Co., 12 NY3d 316, 320 [2009]; Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005].) Thus ASM, which contracted with Bradshaw Mechanical Co., qualifies as a “Contractor” that, as the GC’s agent under Labor Law §§ 240 (1) and 241 (6), may be liable to plaintiff without negligence and solely by reason of vicarious liability under the statutes for acts or omissions by ASM’s subcontractor Bradshaw Mechanical Co. (Walls v Turner Constr. Co., 4 NY3d at 863-864; Burke v Hilton Resorts Corp., 85 AD3d 419, 420 [1st Dept 2011]; Pacheco v Kew Garden Hills Apt. Owners, Inc., 73 AD3d 578 [1st Dept 2010]; Weber v Baccarat, Inc., 70 AD3d 487, 488 [1st Dept 2010].)
The contract between third-party plaintiff and ASM that third-party plaintiff itself presents authorizes ASM to supervise and control all HVAC work, which third-party plaintiff GC delegated to ASM, and which included that work performed by ASM’s subcontractor Bradshaw Mechanical Co. (Burke v Hilton Resorts Corp., 85 AD3d at 420; Pacheco v Kew Garden Hills Apt. Owners, Inc., 73 AD3d 578 [2010]; Weber v Baccarat, Inc., 70 AD3d at 488.) Even if third-party plaintiff retained “concomitant or overlapping authority to supervise” the entire infrastructure upgrade of the courthouse, including the HVAC work, third-party plaintiffs authority does not negate ASM’s authority. (Weber v Baccarat, Inc., 70 AD3d at 488.)
Whether ASM actually supervised plaintiff is also irrelevant. (Id.) ASM was third-party plaintiffs statutory agent, even if ASM “did not exercise that supervisory authority with respect to plaintiffs particular task.” (Burke v Hilton Resorts Corp., 85 AD3d at 420.) Nor has third-party plaintiff shown that plaintiffs injury did not arise from the HVAC work third-party plaintiff GC delegated to ASM as the GC’s agent.
Moreover, the subcontract between ASM and Bradshaw Mechanical Co. provides for indemnity to only one “Contractor,” particularly since no “additional parties” are inserted *878 where specifically permitted. Although the subcontract refers to more than one “Indemnitees,” they encompass the “officers, directors, agents, employees and partners” of the “Contractor.” (Canty aff in support, exhibit F, ¶ 6; Rothman aff in opposition, exhibit B, ¶ 6.) The contracting parties’ intent to confer a direct benefit on a party that is neither a signatory to ASM’s contract with Bradshaw Mechanical Co., nor named in the contract, must be unambiguous; otherwise the contract must be construed to avoid reading in a duty to indemnify that statutorily Bradshaw Mechanical Co. did not bear. (Bradley v Earl B. Feiden, Inc., 8 NY3d 265, 274 [2007]; Tonking v Port Auth. of N.Y. & N.J., 3 NY3d at 490; Suazo v Maple Ridge Assoc., L.L.C., 85 AD3d 459, 460 [1st Dept 2011]; Fresh Del Monte Produce N.V. v Eastbrook Caribe A.V.V., 40 AD3d 415, 418 [1st Dept 2007].) “Not only the intent to indemnify, but also the scope of indemnification,” the number and identity of the indemnitees, must be “unmistakably clear.” (Fresh Del Monte Produce N.V. v Eastbrook Caribe A.V.V., 40 AD3d at 418.)
Third-party plaintiffs insistence that the term “Contractor” in the subcontract is susceptible of more than one interpretation is but a suggestion that a contractual intent to confer a benefit on third-party plaintiff and impose a duty on Bradshaw Mechanical Co. is ambiguous, rather than unambiguous. If the subcontract’s indemnity provision is ambiguous, then it may not be construed to provide indemnification except in the context where the obligation is unmistakable. (E.g. Tonking v Port Auth. of N.Y. & N.J., 3 NY3d at 490; Hooper Assoc. v AGS Computers, 74 NY2d 487, 492-493 [1989]; Goncalves v 515 Park Ave. Condominium, 39 AD3d 262, 263 [1st Dept 2007]; Mikulski v Adam R. West, Inc., 78 AD3d 910, 912 [2d Dept 2010].) As the subcontract provides for indemnity to one contractor and unquestionably provides for indemnity to ASM, the subcontract does not provide for indemnification of third-party plaintiff, which contracted with ASM and not with Bradshaw Mechanical Co.
III. Conclusion
Consequently, the court grants the motion by third-party defendant Bradshaw Mechanical Co., Inc., to dismiss the amended third-party complaint and all cross claims against Bradshaw Mechanical Co., except any cross claims by third-party defendant ASM Mechanical Systems. The amended third-party complaint and the cross claims, other than by ASM, fail to state a claim for relief against Bradshaw Mechanical Co. under ASM’s *879 subcontract with Bradshaw Mechanical Co. and under Workers’ Compensation Law § 11. (CPLR 3211 [a] [1], [7].)