Puchades v Taube Mgt. Realty LLC (2018 NY Slip Op 00917)





Puchades v Taube Mgt. Realty LLC


2018 NY Slip Op 00917


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Friedman, J.P., Sweeny, Kahn, Gesmer, Singh, JJ.


5667 152720/12

[*1]Michael Puchades, Plaintiff-Respondent,
v
Taube Management Realty LLC, et al., Defendants-Respondents, H.J Development LLC, et al., Defendants, Triumph Construction Corp., Defendant-Appellant. 
[And Third-Party Actions]
Consolidated Edison Company of New York, Fourth-Party Plaintiff-Respondent,
v
Triumph Construction Corp., Fourth-Party Defendant-Appellant.


Barry, McTiernan & Moore LLC, New York (Laurel A. Wedinger of counsel), for appellant.
Hach & Rose, LLP, New York (Robert F. Garnsey of counsel), for Michael Puchades, respondent.
Mischel & Horn, P.C., New York (Lauren Bryant of counsel), for Taube Management Realty LLC and 211-51 Property, LLC, respondents.
Law Office of Nadine Rivellese, New York (Stephen T. Brewi of counsel), for Consolidated Edison Company of New York, respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered January 12, 2017, which, insofar as appealed from as limited by the briefs, denied defendant and fourth-party defendant Triumph Construction Corp.'s (Triumph) motion for summary judgment dismissing the complaint, all cross claims and the fourth-party action against it, unanimously modified, on the law, to grant Triumph's motion to the extent of dismissing the complaint and all cross claims (except the fourth-party action), as against it, and, upon a search of the record, to grant summary judgment to defendant/fourth-party plaintiff Consolidated Edison Company of New York (Con Ed) dismissing the complaint and all cross claims against it, and otherwise affirmed, without costs.
Triumph met its burden of showing entitlement to summary judgment by showing that, by applying an expanding foam to fill the void between conduits which it installed and preexisting sleeves transiting the wall of the subject building, it exercised care to prevent the precise hazard of which plaintiff complains, namely, infiltration of water into the building resulting in flooding and slippery conditions. In opposition, plaintiff, via his expert, offered only conclusory speculation that the sealing foam must have failed. This is not enough to show negligence (see [*2]Villa-Capellan v Mendoza, 135 AD3d 555, 556 [1st Dept 2016]; Murchison v Incognoli, 5 AD3d 271, 271 [1st Dept 2004]).
The record shows that, as Con Ed's contractor, Triumph performed the excavation work which plaintiff contends led to his injury; no party claims otherwise. Thus, if Triumph is not liable for plaintiff's injury, then Con Ed cannot be liable either (see Burke v Hilton Resorts Corp., 85 AD3d 419, 420 [1st Dept 2011]; Whitehead v Riethoffer Shows, 304 AD2d 754, 755 [2d Dept 2003]). Accordingly, upon our search of the record, we grant summary judgment to Con Ed to the extent indicated. We note, however, that our modification leaves in place Con Ed's fourth-party action against Triumph for contractual indemnification and its pending motion for summary judgment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK