Santiago v 44 Lexington Assoc., LLC (2018 NY Slip Op 03229)





Santiago v 44 Lexington Assoc., LLC


2018 NY Slip Op 03229


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Richter, J.P., Gesmer, Oing, Singh, Moulton, JJ.


6433 115909/10

[*1]Roberto Santiago, Plaintiff,
v
44 Lexington Associates, LLC, et al., Defendants-Appellants, Tractel, Inc., Defendant-Respondent.


McGaw, Alventosa & Zajac, Jericho (Andrew Zajac of counsel), for appellants.
Nicoletti Gonson Spinner, LLP, New York (Ben Gonson of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered October 17, 2016, which, insofar as appealed from as limited by the briefs, granted the motion of defendant Tractel, Inc. for summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 241(6) claims as against it, unanimously affirmed, without costs.
Plaintiff was injured when he slipped on debris while performing work in connection with the design, fabrication, and installation of a window washing system that had been subcontracted to Tractel as part of the construction of a building. Since the debris removal giving rise to plaintiff's injury was not within the scope of authority or work delegated to Tractel, it may not be liable to plaintiff under Labor Law §§ 240(1) or 241(6) as a statutory agent of the general contractor, defendant Jeffrey M. Brown Associates, Inc. (Brown) (see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]; Nascimento v Bridgehampton Constr. Corp., 86 AD3d 189, 193 [1st Dept 2011]).
Pursuant to its contract with defendant owner 44 Lexington Associates, LLC (owner), Brown was responsible for maintaining the premises free of debris. Brown and the owner point to nothing in Tractel's subcontract delegating such responsibility to it (compare Tuccillo v Bovis Lend Lease, Inc., 101 AD3d 625, 628 [1st Dept 2012]; Nascimento at 193-194; Everitt v Nozkowski, 285 AD2d 442 [2d Dept 2001]), and the record shows that Brown had laborers present on the day of plaintiff's accident performing debris removal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK