| |
|---|
| **Sanchez v City of New York** |
| 2024 NY Slip Op 31696(U) |
| May 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158156/2021 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. J. MACHELLE SWEETING**

*Justice*

-------------------------------------------------------------------------------X

HUGO R SANCHEZ,

                                        Plaintiff,

                        - v -

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF TRANSPORTATION, T & C IZAKAYA LLC D/B/A YAMA
RAMEN RAMEN & SUSHI BAR, A.L.S.T. PROPERTIES,
LLC,SHAI REALTY MANAGEMENT, INC.,

                                        Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158156/2021 |
| MOTION DATE | 10/19/2023, 10/18/2023 |
| MOTION SEQ. NO. | 002, 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 77, 78, 79, 80, 81, 82, 83, 84

were read on this motion to/for                    JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 51, 52, 53, 85, 86, 87

were read on this motion to/for                    JUDGMENT - SUMMARY          .

In the underlying action, plaintiff always that on January 5, 2021, he was building an outdoor dining structure outside of a building located at 60 West 48th Street, New York, NY (the "Building"), when he fell from a defective ladder and was seriously injured. Plaintiff initiated this proceeding against A.L.S.T PROPERTIES, LLC (the "Building Owner"), which owned the Building; T&C IZAKAYA LLC d/b/a YAMA RAMEN & SUSHI BAR (the "Restaurant"), which was a tenant in the Building; SHAI REALTY MANAGEMENT, INC. (the "Property Manager"),

which was the property manager for the Building; the CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF TRANSPORTATION (collectively, the "City").[1]

Pending now before the court are two motions. In Motion Sequence #002, plaintiff seeks an order, pursuant to Civil Practice Law and Rules ("CPLR") 3212, granting plaintiff summary judgment against the Restaurant, Building Owner and Property Manager. In Motion Sequence #003, the Property Manager seeks an order granting summary judgment in its favor, dismissing all claims and cross-claims against it.

Standard for Summary Judgment

The function of the court when presented with a motion for summary judgment is one of issue finding, not issue determination (Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395 [NY Ct. of Appeals 1957]; Weiner v. Ga-Ro Die Cutting, Inc., 104 A.D.2d331 [Sup. Ct. App. Div. 1ˢᵗ Dept. 1985]). The proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (Alvarez v. Prospect Hospital, 68 N.Y.2d 320 [NY Ct. of Appeals 1986]; Winegrad v. New York University Medical Center, 64 N.Y.2d 851 [NY Ct. of Appeals 1985]). Summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted and the papers will be scrutinized carefully in a light most favorable to the non-moving party (Assaf v. Ropog Cab Corp., 153 A.D.2d 520 [Sup. Ct. App. Div. 1st Dept. 1989]). Summary judgment will only be granted if there are no material, triable

---

[1] Plaintiff initially initiated the action against the Owner, Restaurant and Property Manager under Index Number 150965/2021. That action and the instant action were consolidated by order of the undersigned on October 12, 2023 (NYSCEF Doc. No. 21).

**158156/2021   SANCHEZ, HUGO R vs. CITY OF NEW YORK ET AL**
  **Motion No.  002 003**

[* 2]

issues of fact (Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395 [NY Ct. of Appeals 1957]).

The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and failure to make such *prima facie* showing requires a denial of the motion, regardless of the sufficiency of the opposing papers.  Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (Alvarez v Prospect Hosp., 68 NY2d 320 [N.Y. Ct. of Appeals 1986]).

Further, pursuant to the New York Court of Appeals, "We have repeatedly held that one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v City of New York, 49 NY2d 557 [N.Y. Ct. of Appeals 1980]).

158156/2021   SANCHEZ, HUGO R vs. CITY OF NEW YORK ET AL
Motion No.  002 003

Page 3 of 13

3 of 13

*Arguments made by Plaintiff*

In his papers, plaintiff argues that he had been hired as a "day laborer" to build an outdoor dining structure for seating on the street in front of the Restaurant. On the date of the subject accident, he was performing work for the Restaurant, which was owned by Tami Halim (also known as "Tony") and his father Charlie [last name not provided]. Another laborer (hereinafter referred to as the "Assistant") was helping with this project. The structure was about 11 feet high, necessitating the use of a ladder to perform the work. Prior to the accident, Tony had given plaintiff "very precise instructions of what to do," and plaintiff had followed these instructions. When the accident occurred, plaintiff was using a 6-foot A-frame ladder provided by the Restaurant that had been set up on the street by the Assistant. The ladder itself was old and "in quite bad shape." The street at this location was uneven, and plaintiff tried to move the ladder to a more stable position, but that did not help. While plaintiff was climbing up the ladder in order to work on the gutter for the outdoor dining structure, the ladder started to move, and plaintiff fell. Plaintiff knew that a second ladder was at the Restaurant, but this ladder was also old. Plaintiff had asked Tony to replace both ladders, but Tony refused.

Plaintiff argues that the Building Owner is a proper Labor Law defendant because it is undisputed that the Building Owner owned Building. Plaintiff argues that the Restaurant is a proper Labor Law defendant because it is undisputed that the Restaurant leased a part of the Building and had the authority to control its own worksite, which authority was exercised in the hiring and directing of plaintiff's work. Plaintiff also argues that the Property Manager is a proper Labor Law defendant because the Property Manager was an agent for the Building Owner. When the Restaurant decided to have work done for the outdoor dining area, the Property Manager approved on behalf of the Building Owner, and Tony (from the Restaurant) considered getting

158156/2021  SANCHEZ, HUGO R vs. CITY OF NEW YORK ET AL
Motion No.  002 003

Page 4 of 13

permission from the Property Manager to be the same as getting permission from the Building Owner.

Plaintiff argues that under Labor Law 200, he is entitled to summary judgment because defendants failed to properly maintain the area and provide plaintiff with a safe place to work. Plaintiff also argues that defendants had notice that the ladder provided to plaintiff was faulty.

Pursuant to Labor Law 240(1), plaintiff argues that he is entitled to summary judgment, because he was engaged in a statutorily protected activity, and defendants failed to provide him with an adequate safety device against gravity-related risk.

Plaintiff also argues that under Labor Law 241(6), he is entitled to summary judgment, because defendants violated Rules 12 NYCRR 23-1.5 (c)(3); 12 NYCRR 23-1.21(b)(3)(ii); and 12 NYCRR 23-1.21(e)(3). Plaintiff contends that the ladder provided to him was unsound, had insecure joints, and required level footing that was not available at plaintiff's work location.

### Arguments made by the Restaurant and the Building Owner

In opposition, the Restaurant and Building Owner presented a very different set of facts, based in large part on the testimony given by Tony at his EBT (transcript at NYSCEF Doc. No. 69). Frist, they each dispute that the Assistant, who had set up the ladder, had been hired by the Restaurant. Instead, they argue that the Assistant was brought to the worksite by plaintiff himself, to assist plaintiff with the work. Second, they deny that the Restaurant owned two different ladders, and contend instead, that there was only one ladder at the Restaurant, which was yellow in color. The Restaurant and Building Owner argue that this is important because it raises a question of fact as to whether plaintiff actually fell from a ladder provided by the Restaurant, or whether plaintiff fell from a ladder that plaintiff himself had brought with him. Third, the

158156/2021   SANCHEZ, HUGO R vs. CITY OF NEW YORK ET AL
Motion No.  002 003

Page 5 of 13

5 of 13

[* 5]

Restaurant and Building Owner dispute that plaintiff had been given "instructions" by Tony as to what to do. Instead, the Restaurant and Building Owner argue that Tony made clear that he did not have any experience in construction; that the plaintiff brought all of his own tools for the job; and that it was plaintiff himself who decided how to go about putting together the outdoor seating area.

Fourth, the Restaurant and Building Owner dispute that the ladder owned by the Restaurant was in poor condition, and argue instead that there had never been any issues with the ladder and the Restaurant continued to use that ladder without issue. Fifth, they dispute that plaintiff had ever made the Restaurant aware of a claimed poor condition of the Restaurant's ladder, or that plaintiff ever asked Tony to purchase any new ladders. Sixth, the Restaurant and Building Owner both challenge whether plaintiff fell in the manner in which plaintiff described, because the narrative plaintiff gave at his deposition differed significantly from the narrative plaintiff testified to at his 50-h hearing. The Restaurant and Building Owner argue that at his deposition (transcripts at NYSCEF Doc. Nos. 41, 64, 65), plaintiff testified that he was using an *orange* ladder and fell while stepping from the third to the fourth rung, whereas at his 50-h hearing (transcript at NYSCEF Doc. No. 68), plaintiff testified that he was using a *yellow* ladder and that the accident occurred after he had been standing on the top of the ladder for two to three minutes.

Seventh, the Restaurant and Building Owner argue that after the accident, plaintiff told Tony that he fell from the *stairs* and not the ladder. Tony was only made aware of the allegations concerning the ladder when the insurance investigator informed him that plaintiff claimed the fall was from a ladder.

The Restaurant and Building Owner argue that plaintiff's motion for summary judgment should be denied in its entirety because the record shows: (i) material factual discrepancies between the testimonies of plaintiff and Tony; (ii) material inconsistencies between the testimony

158156/2021   SANCHEZ, HUGO R vs. CITY OF NEW YORK ET AL
Motion No. 002 003

Page 6 of 13

[* 6]

plaintiff gave at his 50-h hearing and the testimony plaintiff gave at his EBT; and (ii) material inconsistencies between plaintiff's testimony and documentary evidence to the contrary. With respect to the discrepancies between plaintiff and Tony, they include, but are not limited to: whether Tony had given plaintiff instructions; who hired the Assistant that supposedly erected the ladder plaintiff used; whether the Restaurant had two ladders; whether the ladder owned by the Restaurant was unsafe and whether plaintiff had informed plaintiff of such. With respect to the inconsistencies between plaintiff's testimony at the 50-h hearing and the EBT, they include, but are not limited to: what ladder plaintiff was using when he fell; what types of ladders were available for his use; whether the two ladders were the same height; where on the ladder the accident occurred; whether or not plaintiff had brought his own personal tools to the worksite; whether plaintiff had a cell phone with him; whether plaintiff or anyone called 911 on plaintiff's behalf, etc.

With respect to plaintiff's testimony and the documentary evidence, the Restaurant and Building Owner argue that plaintiff testified at his deposition that he could not remember if he had another lawsuit, and expressly denied that the plaintiff's firm represented him in any other case. Yet, the New York State Courts Electronic Filing (NYSCEF) system shows that plaintiff, who is represented by the same firm, initiated another personal injury action under Index Number 152820/2020 in New York Supreme Court, (the "2020 Action") the year before the instant action. Further, plaintiff testified at his deposition that he was never been involved in any prior work-place accidents, but plaintiff's 2020 Action concerned alleged injuries due to an unsafe work environment. Finally, the Restaurant and Building Owner note that plaintiff never pursued an inspection of the subject ladder that he claims was unsafe and that caused him to fall. The Restaurant and Building Owner argue that plaintiff's credibility "is squarely in question" and when

158156/2021   SANCHEZ, HUGO R vs. CITY OF NEW YORK ET AL
Motion No.  002 003

Page 7 of 13

7 of 13

a plaintiff's credibility has been placed in issue, summary judgment cannot be granted on Labor Law causes of action.

The Restaurant and Building Owner further argue that under either version of the narratives presented by plaintiff, there are triable questions of fact as to whether plaintiff was the sole proximate cause of the accident in that he "failed to act normally and logically." With respect to the testimony at the 50-h hearing, plaintiff testified that the incident occurred when he was standing on the top cap of the yellow A-frame ladder for two to three minutes, but also testified that he was well aware, and was specifically instructed during his OSHA training, that he should never use an A-frame ladder while standing on the top cap. With respect to the testimony at the deposition, plaintiff acknowledged the existence of a second taller ladder, and common-sense demands that if a shorter ladder was unstable, plaintiff should have simply waited to use the other taller ladder.

Next, the Restaurant and Building Owner argue that even assuming, *arguendo,* that plaintiff's versions of the facts were generally correct, summary judgment could not be granted against either the Restaurant or Building Owner, because it is undisputed that plaintiff fell on a street solely owned and controlled by defendant City of New York (the "City"), and it was the City that had given express permission for the erection of the outdoor dining structure. This permission was granted pursuant to Emergency Executive Order No. 126, which was issued by the City to allow restaurants to operate on City-owned space while indoor dining was closed due to the COVID-19 pandemic.

Finally, they contend that summary judgment is not appropriate here, were neither the Restaurant nor the Building Owner controlled or supervised plaintiff's work. With respect to the Building Owner, the Building Owner did not contract to have the outdoor dining structure erected; such structure was not erected for the Building Owner's benefit; and the Building Owner was not

158156/2021   SANCHEZ, HUGO R vs. CITY OF NEW YORK ET AL
Motion No.  002 003

Page 8 of 13

[* 8]

even aware of that a sidewalk dining area was being put up, so the Building Owner did not and could not have supervised the plaintiff's work. With respect to the Restaurant, plaintiff testified that neither Tony nor Charlie from the Restaurant were present when the accident occurred and that the plaintiff had not seen or spoken to either of them since the night before. Tony unequivocally testified that plaintiff decided himself how to go about putting together the outdoor seating. As such, the Restaurant clearly did not supervise plaintiff's work. In sum, the Restaurant and Building Owner argue that they did not supervise the means and methods of the plaintiff's work; they did not owe plaintiff a duty of care with regard to the maintenance and repair of the street; plaintiff failed to submit any evidence that the street was maintained in a dangerous condition; and plaintiff failed to submit any evidence tending to show that either the Restaurant or the Building Owner was on notice of the claimed dangerous condition in the street. For all of these reasons, the Restaurant and Building Owner argue, they are not properly named as defendants in this action which assets claims pursuant to the Labor Law.

In Reply, plaintiff did not deny that factual discrepancies exist, but argued that summary judgment is nevertheless warranted because the facts in question are not material and do not alter the Restaurant and Building Owner's liability under the Labor Law.

Plaintiff also argued that even though the accident happened on the City-owned street, the Building Owner is nevertheless liable because "the owner that matters is the owner of the building, not the street next to it," and the Restaurant is nevertheless liable because it supplied the defective ladder and purchased the materials for the construction project.

158156/2021   SANCHEZ, HUGO R vs. CITY OF NEW YORK ET AL
  Motion No.  002 003

Page 9 of 13

9 of 13

*Arguments made by the Property Manager*

The Property Manager does not take any issue with the different versions of the facts, and does not call into question plaintiff's credibility. Rather, the Property Manager generally accepts plaintiff's allegations that he fell off a defective ladder provided to him by the Restaurant and seeks summary judgement in its favor.

The Property Manager argues that it does not own the building or the street where the accident occurred, and that it was not the "agent" of the Building Owner as that term is understood in the context of the Labor Law. With respect to being an agent, the Property Manager argues that to hold a defendant liable under the Labor Law as a "statutory agent" of either the owner or the general contractor, it must be shown that the defendant had the "authority to supervise and control" the injury-producing work, which the Property Manager did not have in this case. Here, the Property Manager argues, it never entered any written management agreement regarding the Building, much less one that was comprehensive or exclusive. There was only a verbal agreement with the Building Owner that the Property Manager's responsibilities were limited to building upkeep and minor repairs, collecting rent, and other administrative functions. It did not contact plaintiff; did not commission plaintiff's work; did not pay for plaintiff's labor; did not supply plaintiff with any ladder, tools or materials; did not instruct plaintiff in the manner, means and method of the work; and was not present while the construction was conceived, planned, or executed. The Property Manager argues that it had absolutely no authority or control over the plaintiff's work or site safety.

The Property Manager also argues that the sole piece of evidence plaintiff offers as indicative of the Property Manager's authority to supervise and control plaintiff's work, was a portion of Tony's testimony, where Tony stated that prior to hiring plaintiff, Tony called the

158156/2021   SANCHEZ, HUGO R vs. CITY OF NEW YORK ET AL
Motion No.  002 003

Page 10 of 13

Property Manager and obtained his permission to erect an outdoor dining structure. The Property Manager argues that the terms of the lease between the Restaurant and the Building Owner state that the Restaurant was not allowed to perform any type of work on the property unless the Restaurant first received the "prior written consent" of the Building Owner, not the consent of the Property Manager. Emergency Executive Order No. 126 was the issued by Mayor DeBlasio on June 18, 2020. The Property Manager argues that under this executive order, restaurateurs were given the right to construct outdoor dining sheds, without needing permission from building owners or their alleged agents. Therefore, the Property Manager argues, the phone call made by Tony is a "red herring," as the Restaurant never needed permission to build, and any testimony Tony gave to the contrary, stemmed from Tony's "incorrect personal belief." The Property Manager argues that a liable party should not be permitted to "imbue their liability onto a non-liable party simply by asking for unnecessary permission from a party with no authority to grant or withhold such permission in the first place."

In response, plaintiff argues that the Property Manager was an agent under the Labor Law because the Property Manager's role in managing the Building was a comprehensive one, as the Property Manager testified that he acted as the building's "super"; that he collected rent and effectuated repairs; and that he went to the building "pretty often." Further, plaintiff argues, despite the Mayor giving permission to allow outdoor dining, the owner of a property, agent of an owner, and/or property manager of a building had to still give authority for the outdoor dining shed to be constructed. As such, the Property Manager did have the authority to deny the Restaurant's request to build an outdoor dining shed. Here, plaintiff argues, the Property Manager exercised its control over the project by giving permission to the Restaurant to undertake such project in the first place.

158156/2021   SANCHEZ, HUGO R vs. CITY OF NEW YORK ET AL          Page 11 of 13
  Motion No.  002 003

11 of 13

Conclusions of Law Regarding the Restaurant and Building Owner

As described above in detail, there are at least three materially different versions of the facts on this record: (1) The version given by plaintiff at his 50-h hearing, where plaintiff used a *yellow* ladder supplied by the Restaurant; the accident occurred after plaintiff had already been standing on the top step of the ladder for two to three minutes; and present at the worksite was the Assistant that the Restaurant had provided. (2) The version given by plaintiff at his deposition: where plaintiff followed Tony's instructions and used an *orange* ladder supplied by the Restaurant; the accident occurred while plaintiff was stepping from the third to the fourth rung; and present at the worksite was the Assistant that the Restaurant had provided. (3) The version given by Tony (from the Restaurant) at his deposition, where Tony gave plaintiff no instructions; Tony gave plaintiff one secure ladder; plaintiff called Tony to say plaintiff had fallen on the stairs; and the Assistant that was present was plaintiff's friend, that plaintiff himself brought to the worksite.

Plaintiff's general claim is that he was knowingly provided with a faulty ladder, he fell off the ladder, and he was injured. Therefore, facts such as which ladder plaintiff was using, who provided the ladder, and how the accident happened are not immaterial details, but in fact go to the very heart of plaintiff's allegations.

> As stated above, any party seeking summary judgment must tender sufficient evidence to demonstrate the absence of any material issues of fact, and failure to make such *prima facie* showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. The caselaw is also clear that with respect to the Labor Law, summary judgment can be denied if there are significant issues as to plaintiff's credibility, particularly in a situation such as this one where the accident is effectively unwitnessed.[2] *See, e.g.* Romano v New York City Tr. Auth., 213 AD3d 506 (1st Dept 2023); Hernandez v 46-24 28th St., LLC, 214 AD3d 451 (1st Dept 2023); Nascimento v Bridgehampton Const. Corp., 86 AD3d 189 (1st Dept 2011);

---

[2] Here, the accident was theoretically witnessed by the Assistant, but both plaintiff and the Opponents claim they do know the identity of, and cannot question, the Assistant because he was brought to the worksite by the other side.

**158156/2021   SANCHEZ, HUGO R vs. CITY OF NEW YORK ET AL**                    **Page 12 of 13**
**Motion No.  002 003**

Manna v New York City Hous. Auth., 215 AD2d 335 (1st Dept 1995) (denying summary judgment where the conflicting evidence raises questions of fact as to the manner in which the accident occurred, especially where there is no witness to the accident other than plaintiff).

Accordingly, the branch of plaintiff's motion seeking summary judgment as against the Restaurant and Building Owner is denied.

Conclusions of Law Regarding the Property Manager

The crux of plaintiff's claims against the Property Manager is that it acted as an agent of the Building Owner. As detailed above, material facts in this case remain in dispute. Here, it is alleged that Tony called the Property Manager after the Executive Order had passed, to obtain permission to build the dining shed. Notably, the Property Manager was not asked at his deposition about this conversation with Tony and both the Restaurant and Building Owner acknowledge in their papers that the Property Manager "was aware" that a dining shed was being constructed. Given these facts, summary judgement is denied.

Conclusion

For all of the above reasons, it is hereby:

**ORDERED** that Motion Sequence Numbers 002 and 003 are **DENIED**.

| **5/13/2024** | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **J. MACHELLE SWEETING, J.S.C.** | | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

158156/2021   SANCHEZ, HUGO R vs. CITY OF NEW YORK ET AL
Motion No.  002 003

Page 13 of 13

[* 13]