■ BENNY L. HEADEN, Respondent, v PROGRESSIVE PAINTING CORP., Appellant, and YONKERS CONTRACTING COMPANY, INC., et al., Respondents. (And a Third-Party Action.)—Order, Supreme Court, Bronx County (Hansel McGee, J.), entered May 17, 1989, which, *inter alia,* granted plaintiff summary judgment on the issue of liability, unanimously reversed to the extent appealed from, on the law, and summary judgment denied to plaintiff as against defendant Progressive Painting Corp., without costs.

Plaintiff, an ironworker, commenced this action to recover for personal injuries suffered while on the job in an accident at a construction site. The site was owned by the defendant City of New York and the general contractor was defendant Yonkers Contracting Company, Inc. Defendant Progressive Painting Corp. was a subcontractor engaged to perform painting and sandblasting work. Plaintiff was employed by third-party defendant Rice Mohawk U.S. Construction Company Ltd., a subcontractor engaged to perform iron work.

Plaintiff was at work burning steel on an elevated structure at the site when he noticed that a fire had started in one of the bay areas of the structure. Plaintiff walked to that area and began to put out the fire. Plaintiff slipped on the canvas over certain plywood safety boards which covered the openings in the elevated structure, and plaintiff alleges that certain of the safety boards were missing, thereby creating an opening in the structure through which plaintiff fell 20 to 30 feet to the ground below, sustaining severe injuries.

Plaintiff moved for summary judgment against all of the named defendants, on the ground that defendants failed to provide proper scaffolding protection during the course of his employment, in violation of Labor Law § 240 (1). The IAS court found that there was no question of fact that plaintiff's injury occurred within the purview of this statute and granted plaintiff summary judgment against *all* defendants.

On this appeal, Progressive Painting Corp. asserts that since it was merely a subcontractor it cannot be held liable to the plaintiff under this statute and that the IAS court erred in including it among all the defendants against whom plaintiff's motion for summary judgment was granted. Under the circumstances of this case, there is merit to the appellant's contention. Labor Law § 240 (1) imposes a nondelegable duty upon owners, general contractors, and their agents to provide proper protection to persons working upon elevated structures. A subcontractor can be deemed an "agent" under this statute, and be held liable, if to it is delegated the supervision and control either over the specific work area involved or the work which gives rise to the injury. Labor Law § 240 (1) does not make each subcontractor liable for all injuries occurring on a jobsite in the absence of the subcontractor's ability to direct, supervise and control the work giving rise to the injury. *(Russin v Picciano & Son,* 54 NY2d 311; *Magrath v Migliore Constr. Co.,* 139 AD2d 893.) The burden is on the plaintiff to present evidence of the particular defendant's supervision and control of the activity which resulted in his

injury *(Magrath v Migliore Constr. Co., supra)*. In the instant case plaintiff failed to submit sufficient evidence in this regard to warrant the grant of summary judgment against Progressive, the painting subcontractor on the site. Accordingly, that part of the order which granted plaintiff summary judgment against the defendant Progressive is reversed and the motion denied. Concur—Carro, J. P., Kassal, Ellerin, Wallach and Rubin, JJ.