■ RICARDO VEGA, Respondent-Appellant, v ROTNER MANAGEMENT CORP. et al., Appellants-Respondents. [836 NYS2d 182]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered August 16, 2006, which, insofar as appealed from by defendants, granted plaintiff's motion for partial summary judgment on the issue of defendants' liability under Labor Law § 240 (1), and denied defendants' cross motion for summary judgment insofar as it sought to dismiss such cause of action, unanimously affirmed, without costs. Plaintiff's cross appeal from that part of the order which granted defendants' cross motion to the extent of dismissing the cause of action under Labor Law § 241 (6), unanimously dismissed, without costs.

With respect to the section 240 (1) claim, plaintiff satisfied his prima facie burden on the motion with his testimony that

he fell to the ground when the unsecured 8-to-10-foot ladder on which he was standing shifted (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]). It does not avail defendants to argue that the manner in which plaintiff set up and stood on the ladder was the sole cause of the accident, where there is no dispute that the ladder was unsecured and no other safety devices were provided (*see Velasco v Green-Wood Cemetery*, 8 AD3d 88, 89 [2004]). In view of the foregoing, and plaintiff's admission that in oral argument before the motion court, he agreed to proceed directly to a trial on damages in the event he were awarded partial summary judgment on the section 240 (1) claim, and would not immediately seek a trial on the issue of defendants' liability under Labor Law § 241 (6), we decline to reach the issues raised in plaintiff's cross appeal. Concur—Saxe, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.