White v 31-01 Steinway, LLC (2018 NY Slip Op 06685)





White v 31-01 Steinway, LLC


2018 NY Slip Op 06685


Decided on October 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2018

Acosta, P.J., Tom, Mazzarelli, Kern, Singh, JJ.


6607 156151/13

[*1]Jeffrey White, Plaintiff-Respondent,
v
31-01 Steinway, LLC, et al., Defendants, Express, LLC, et al., Defendants-Respondents, Russco, Inc., Defendant-Appellant. 
[And a Third-Party Action]


Mauro Lilling Naparty LLP, Woodbury (Anthony F. DeStefano of counsel), for appellant.
Block O'Toole & Murphy, New York (David L. Scher and Christina R. Mercado of counsel), for Jeffrey White, respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (I. Elie Herman of counsel), for Express, LLC, respondent.
Woods Oviatt Gilman, LLP, Rochester (Jennifer M. Schauerman of counsel), for John F. Ruggles and Ruggles Sign Company, Inc., respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered October 30, 2017 which, insofar as appealed from as limited by the briefs, denied defendant Russco, Inc.'s (Russco) motion for summary judgment dismissing the Labor Law § 240(1) claim as against it and to amend its answer to assert a cross claim for contractual indemnification against defendant Ruggles Sign Company, Inc. (Ruggles), granted Ruggles's motion for summary judgment dismissing the Labor Law § 240(1) claim as against it, granted defendant Express, LLC's (Express) motion for summary judgment against Russco on its contractual indemnification claim, and granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim as against Russco, Express and the Steinway defendants, unanimously modified, on the law, to deny Ruggles's motion, Express's motion and plaintiff's motion as against Russco, and otherwise affirmed, without costs.
Plaintiff, Jeffrey White, commenced the instant action alleging that, on April 15, 2013, while employed by nonparty Capitol Design & Construction Service (Capitol) as a sign installer, he fell from a ladder and suffered personal injuries. The work was being performed at 31-01 Steinway Street in Queens in preparation for the opening of a new retail store owned by the Steinway defendants and operated by defendant Express.
Express hired defendant Russco to act as the general contractor on the store renovation project and to hire all necessary subcontractors for the renovation with the exception of the signage and awning work. For the signage and awning work, Express had a preexisting vendor contract with defendant Ruggles, a national fabricator and installer of signage and awnings, which agreed to manufacture and install signage and awnings at the project. Ruggles was also required to supply all labor, materials, tools, equipment and supervision with regard to the signage and awnings. Ruggles subcontracted the installation of the signage and awnings at the [*2]project to Capitol, plaintiff's employer.
Plaintiff testified that the accident happened as follows. Because the sidewalk was congested with pedestrian traffic, plaintiff set up the ladder parallel to the building and straddled atop the ladder, one foot on each side, to perform his work. Plaintiff was installing clips onto the facade of the building by drilling holes when the drill jammed. When plaintiff attempted to release the drill, he lost his balance and dropped the drill, and the ladder "started peeling off the wall." Plaintiff jumped off the ladder to avoid falling with the ladder, sustaining injuries.
George Kavelski, Capitol's shop foreman, testified that plaintiff "lost his balance, was unable to regain it, and stumbled off the ladder" and that "he had the drill and then something happened and I saw his hand move and, next thing I know, he was on the ground." He also testified that the ladder remained standing after plaintiff's fall.
As an initial matter, Russco's motion for summary judgment dismissing the Labor Law § 240(1) claim as against it on the ground that it is not a proper defendant under the Labor Law was correctly denied as there is an issue of fact as to whether its obligations as the general contractor on the project extended to the work performed by plaintiff. The contract between Express and Russco includes a carve-out provision stating that all signage and awning work on the project would be furnished and completed by a separate vendor hired by Express, which, in this case, was Ruggles. Russco's only responsibility vis-à-vis Ruggles was to provide Ruggles access to the project site and to coordinate the timing of the work Ruggles was hired to perform. Based solely on a reading of the carve-out provision, Russco would not have any liability to plaintiff under Labor Law § 240(1) as it had no authority to control the work plaintiff was performing. However, the contract also provides that Russco is responsible for "taking all reasonable safety precautions to prevent injury or death to persons or damage to property" and that such responsibility extends "to the protection of all employees on the Project and all other persons who may be affected by the Work in any way" (emphasis added). The project is defined in the contract as "construction of all Tenant Improvements for a retail store." Reading these contractual provisions together creates ambiguity as to whether Russco's site safety obligations extended to the signage and awning work that plaintiff was performing when his accident occurred. Further, Douglas Berry, Russco's project manager, testified that Russco was not responsible for the signage and awning work and that if he saw unsafe behavior by a contractor that Russco did not hire, he would only "make note of it and escalate" the issue by calling or sending an email to Express, because Russco had no authority to manage the owner's other contractors. As we cannot say, as a matter of law, that Russco was not responsible for plaintiff's safety while he was working on the project, Russco is not entitled to summary judgment dismissing the Labor Law § 240(1) claim as against it.
However, as there is an issue of fact as to whether Russco may be held liable for plaintiff's injuries under Labor Law § 240(1), both plaintiff's motion for summary judgment on his Labor Law § 240(1) claim as against Russco and Express' motion for summary judgment against Russco on its contractual indemnification claim should be denied.
The motion court properly denied Russco's motion to amend its answer to assert a cross claim against Ruggles for contractual indemnification, as there is no contractual agreement between Russco and Ruggles.
The motion court also properly granted plaintiff's motion for partial summary judgment against Express and the Steinway defendants as plaintiff established, prima facie, that his accident was caused by Express's and the Steinway defendants' failure to provide an adequate safety device to prevent plaintiff from falling off the ladder, in violation of Labor Law § 240(1), and defendants failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of the accident.
The manner in which plaintiff set up and used the ladder does not constitute evidence that plaintiff was the sole proximate cause of the accident as there is no dispute that the ladder was unsecured and that no other safety devices were provided to plaintiff (see Vega v Rotner Mgt. Corp., 40 AD3d 473, 473-474 [1st Dept 2007]). Further, defendants failed to show that plaintiff was a recalcitrant worker as they did not establish that he was specifically instructed to use a particular safety device other than the ladder and that he refused to do so (see Kosavick v [*3]Tishman Constr. Corp. of N.Y., 50 AD3d 287, 288 [1st Dept 2008]).
To the extent there are any differences in plaintiff's and Kavelski's testimonies as to how the accident occurred, such differences fail to raise an issue as to whether plaintiff was the sole proximate cause of the accident. Kavelski's testimony does not dispute that plaintiff fell off the ladder, that the ladder was not secured and that there was no other safety device provided to plaintiff to prevent him from falling off the ladder. Defendants' expert engineer's affidavit also fails to raise an issue as to whether plaintiff was the sole proximate cause of the accident because the expert merely attempted to shift proximate cause of the accident to plaintiff for the way in which plaintiff set up the ladder and stated, in a conclusory fashion, that nothing about the ladder was defective. Moreover, the expert's statement that plaintiff could have set up the ladder a different way is belied by plaintiff's testimony that the ladder could not be set up any other way because of the pedestrian traffic in the area where plaintiff was performing his work.
The Labor Law § 240(1) claim should not be dismissed as against Ruggles. "Labor Law § 240(1) imposes a nondelegable duty upon owners, general contractors, and their agents to provide proper protection to persons working upon elevated structures" (Headen v Progressive Painting Corp., 160 AD2d 319, 320 [1st Dept 1990] [emphasis added]). "To be treated as a statutory agent, the subcontractor must have been delegated the supervision and control either over the specific work area involved or the work which [gave] rise to the injury'" (Nascimento v Bridgehampton Constr. Corp., 86 AD3d 189, 193 [1st Dept 2011], quoting Headen, 160 AD2d at 320). "[O]nce a subcontractor qualifies as a statutory agent, it may not escape liability by the simple expedient of delegating that work to another entity" (Nascimento, 86 AD3d at 195).
Ruggles is a proper Labor Law § 240(1) defendant because it was a statutory agent of Express, the owner of the project. It is undisputed that Express hired Ruggles as the sole contractor responsible for the manufacture and installation of all signage and awning work on the project, which was the work that plaintiff was performing when he sustained his injuries. Although Russco may be found liable based on its site safety obligations with regard to the signage and awning work, there is no question that, pursuant to the contract between Ruggles and Express, Ruggles was delegated the supervision and control over such work. Moreover, Ruggles may not escape liability under Labor Law § 240(1) based
on its delegation of the signage and awning work to Capitol, plaintiff's employer.
The Decision and Order of this Court entered
herein on June 12, 2018 is hereby recalled and vacated (see M—3482 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 9, 2018
CLERK