Rudzikewycz v 164 W. 79th St. Corp.
2026 NY Slip Op 03897
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Nick Rudzikewycz, Plaintiff-Appellant-Respondent,
v
164 West 79th Street Corp. et al., Defendants-Respondents.
164 West 79th Street Corp., et al., Third-Party Plaintiffs-Respondents,
Arnab Dey, Third-Party Defendant-Respondent, Roth Built Works Inc., Third-Party Defendant-Respondent-Appellant.

Decided and Entered: June 18, 2026
Index No. 152685/18|Appeal No. 6916|Case No. 2025-03522|
Before: Manzanet-Daniels, J.P., Mendez, Shulman, Higgitt, Hagler, JJ.

The Perecman Firm, P.L.L.C., New York (Peter D. Rigelhaupt of counsel), for appellant-respondent.
Pillinger Miller Tarallo, LLP, Elmsford (Lauren Turkel of counsel), for respondent-appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Shawn Schatzle of counsel), for 164 West 79th Street Corp. and Orsid Realty Corp., respondents.

[*1]
Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered on or about May 19, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) cause of action as against defendants 164 West 79th Street Corp. and Orsid Realty Corp., and denied third-party defendant Roth Built Works Inc.'s motion for summary judgment dismissing plaintiff's Labor Law § 240(1) cause of action as against it, unanimously modified, on the law, to grant plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) cause of action as against 164 West 79th Street Corp. and Orsid Realty Corp. and otherwise affirmed, without costs.
Plaintiff, a carpenter employed by third-party defendant Roth Built Works, alleges that on November 29, 2016, while performing duct installation work, he was injured when he fell from an A-frame ladder that shifted and fell. According to plaintiff, no alternative safety device, such as a Baker scaffold, was available for his use. Although plaintiff testified that he placed the ladder on the floor after ensuring that the floor was free of debris, a witness for 164 West 79th Street Corp. testified that before plaintiff's fall he noticed that two of the ladder's feet were resting on garbage bags.
Supreme Court should have granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) cause of action. Plaintiff established his entitlement to summary judgment through his testimony that while he was standing on the ladder, it shifted and fell for no apparent reason (see Lopez v 18-20 Park 84 Corp., 235 AD3d 591, 592 [1st Dept 2025]). Plaintiff also established that he was provided with a safety device — namely, the ladder itself — but that the device proved to be inadequate (id.).
The testimony stating that the feet of the ladder were resting on garbage bags is insufficient to warrant denial of plaintiff's motion, as there is no dispute that the ladder was unsecured (see White v 31-01 Steinway, LLC, 165 AD3d 449, 451-452 [1st Dept 2018]; Vega v Rotner Mgt. Corp., 40 AD3d 473, 474 [1st Dept 2007]) and at most, such evidence constitutes comparative negligence which is not a defense to a violation of Labor Law § 240(1). Furthermore, plaintiff explicitly denied that a Baker scaffold was available for his use, and defendants presented no evidence that plaintiff was specifically instructed to use an alternative safety device yet refused to do so (White, 165 AD3dat 451-452).
We have considered defendants' and third-party defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026