■ LISANDROS SUAZO, Plaintiff, v MAPLE RIDGE ASSOCIATES, L.L.C., et al., Defendants/Third-Party Plaintiffs-Respondents. 84 LUMBER COMPANY, Third-Party Defendant-Appellant. [924 NYS2d 378]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about December 9, 2010, which denied third-

party defendant's motion to dismiss the third-party complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously reversed, on the law, without costs, and the motion to dismiss the third-party complaint is granted. The Clerk is directed to enter judgment accordingly.

Plaintiff, an employee of third-party defendant, sustained injuries to his hand in a work-related accident while delivering doors to a construction site. The construction site was owned by third-party plaintiff Maple Ridge Associates, L.L.C., and third-party plaintiff Cambridge Development & Construction Corp. is alleged to be the developer for the project. Following plaintiff's commencement of a personal injury action against the owner and the developer, they commenced a third-party action against plaintiff's employer seeking contractual indemnification against plaintiff's personal injury claims.

The right of a party to recover indemnification on the basis of a contractual provision depends on the intent of the parties and the manner in which that intent is expressed in the contract (*see Kurek v Port Chester Hous. Auth.*, 18 NY2d 450 [1966]). The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487 [1989]). A contract that provides for indemnification will be enforced so long as the intent to assume such role is sufficiently clear and unambiguous (*see Bradley v Earl B. Feiden, Inc.*, 8 NY3d 265 [2007]).

The document upon which third-party plaintiffs' base their claim for contractual indemnification is titled "Waiver of Liens and Indemnity Agreement," which was executed by plaintiff's employer on February 14, 2008. Third-party plaintiffs' claim that the lien waiver clearly and unmistakably provides for indemnification for personal injury claims made by third-party defendant's employee is flatly contradicted by the plain language of the document. The title of the agreement itself sets the context for the provisions which follow. Third-party defendant supplied construction materials to third-party plaintiffs and as part of that transaction, third-party defendant provided the lien waiver, as permitted by section 34 of the Lien Law. The document provided that first, in exchange for payment, third-party defendant waived any claim or lien on account of labor, services, materials and/or equipment furnished by third-party defendant or its subcontractors and suppliers. Second, third-party defendant warranted that all claims for labor, materials, equipment and services used by third-party defendant had been fully paid

and satisfied. Finally, third-party defendant agreed to indemnify the owner against "loss, cost or damage or expense of any kind" incurred as a result of "any claim made or liens filed by any subcontractors, suppliers, laborers, or persons furnishing materials or equipment claiming through or under [third-party defendant]."

Given the purpose of the lien waiver, the phrase "any claim made" is not limitless as third-party plaintiffs contend. A "claim" like a "lien" must be "on account of labor, services, materials and/or equipment, heretofore furnished by" third-party defendant, or its permitted subcontractors or suppliers. Having accepted payment and warranted that its subcontractors and suppliers had been paid in full, third-party defendant was agreeing to indemnify the owner against subsequent nonpayment claims made or liens filed by its subcontractors and suppliers. There is no language in the lien waiver which supports interpreting "any claim" to mean a personal injury claim brought by one of third-party defendant's employees.

Since neither the language nor the purpose of the lien waiver evince an unmistakable intent to indemnify third-party plaintiffs against a personal injury claim brought by third-party defendant's employee, the third-party complaint should have been dismissed.

Moreover, even assuming that the lien waiver is ambiguous and the intent of the parties cannot be ascertained from the four corners of the document, as concluded by the motion court, such determination, in and of itself, compels dismissal of the third-party complaint (*see Ruhland v Cowper Co.*, 72 AD2d 907 [1979], *affd* 52 NY2d 756 [1980]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Renwick and Román, JJ.