■ Sophal Aur, Respondent, v Manhattan Greenpoint Ltd. et al., Defendants, and Cesar A. Fernandez et al., Appellants. [20 NYS3d 6]—

Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered April 10, 2014, insofar as it denied defendants Cesar A. Fernandez and Cesar A. Fernandez, P.C.'s motion for summary judgment dismissing the complaint as against them or, in the alternative, summary judgment on their cross claim against defendants Manhattan Greenpoint Ltd. and Arman Kohanbash (seller defendants), unanimously modified, on the law, to grant the motion as to the cross claim, and otherwise affirmed, without costs.

The court erred in denying the Fernandez defendants' motion for summary judgment on the ground that they failed to submit an affidavit by a person with personal knowledge of the facts underlying the motion (CPLR 3212 [b]). Their counsel's affirmation properly served as a vehicle for the submission of evidentiary proof in admissible form, such as plaintiff's deposition testimony (*Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]).

Nevertheless, the Fernandez defendants failed to establish their entitlement to summary dismissal of the complaint as against them (*see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]). "In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [internal quotation marks omitted]). However, a defendant seeking dismissal of a malpractice case against him has the burden of making a prima facie showing of entitlement to summary judgment (*see Suppiah v Kalish*, 76 AD3d 829, 832 [1st Dept 2010], *appeal withdrawn* 16 NY3d 796 [2011]). Where the motion is premised on an argument that the plaintiff could not succeed on her claim below, it is the defendant's burden to demonstrate that the plaintiff would be unable to prove one of the essential elements of her claim (*see*

*Velie v Ellis Law, P.C.*, 48 AD3d 674 [2d Dept 2008]). Here, the Fernandez defendants failed to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The Fernandez defendants' bare conclusory assertion that they were not negligent is insufficient.

Whether or not the complexities of this particular case involving a real estate transaction require an expert affidavit (*see Wo Yee Hing Realty Corp. v Stern*, 99 AD3d 58, 63 [1st Dept 2012]), the conclusory, self-serving assertions submitted, lacking any reference to specific industry standards and/or practices, to support the conclusion that the work at issue was done in a professionally competent manner, do not satisfy the movants' burden. Nor do the Fernandez defendants eliminate all material issues of fact on causation and/or damages. Plaintiff's expert affidavit on damages is not so deficient that it lacks probative value (*see Romano v Stanley*, 90 NY2d 444 [1997]; *Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533 [1991]).

The Fernandez defendants are nonetheless entitled to summary judgment on their cross claim for indemnification by the seller defendants. The seller defendants did not comply with the discovery deadline stated in the compliance conference order dated January 24, 2013. As a result, pursuant to that order, their answer was deemed stricken and the Fernandez defendants' cross claim deemed admitted (*see* CPLR 3215 [a]; *Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568 [1978]). The seller defendants never opposed the motion and have not submitted a brief in opposition in this appeal. Concur—Gonzalez, P.J., Friedman, Gische and Kapnick, JJ.