Millman v Blatt & Dauman, LLP (2019 NY Slip Op 01534)





Millman v Blatt & Dauman, LLP


2019 NY Slip Op 01534


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Sweeny, J.P., Renwick, Gische, Kahn, Kern, JJ.


8594 652002/15

[*1]Ira Millman, Plaintiff-Appellant-Respondent,
v
Blatt & Dauman, LLP, Defendant-Respondent-Appellant, Morton E. Marvin, Defendant-Respondent.


Schlam Stone & Dolan LLP, New York (Samuel L. Butt of counsel), for appellant-respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury (John A. Lentinello of counsel), for respondent-appellant.
Furman Kornfeld & Brennan LLP, New York (A. Michael Furman of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered April 26, 2018, which granted defendant Morton E. Marvin's motion for summary judgment dismissing the complaint as against him, and denied defendant Blatt & Dauman, LLP's (B & D) motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.
Defendant Marvin made a prima facie showing that he exercised the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession in representing plaintiff in negotiating a settlement agreement between plaintiff and his wife (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). Contrary to plaintiff's contention, given the facts of this case Marvin was not required to submit an expert affidavit in support of his motion (see Boye v Rubin & Bailin, 152 AD3d 1, 9 [1st Dept 2017]).
In opposition, plaintiff failed to raise an issue of fact. His expert affidavit is conclusory (see Aur v Manhattan Greenpoint Ltd., 132 AD3d 595, 596 [1st Dept 2015]), and the only factual issue raised by his own affidavit is not material. It is undisputed that plaintiff decided to file taxes jointly with his wife on the advice of defendant B & D, the couple's accountants. In his affidavit, plaintiff denies that Marvin advised him to file separately, which conflicts with Marvin's testimony and corroborating evidence that Marvin did so advise him. However, plaintiff's theory of Marvin's malpractice does not include Marvin's alleged failure to advise him to file separately.
B & D failed to establish prima facie that it adhered to accepted standards of accounting practice. Its expert affidavit commented specifically on B & D's preliminary tax projection only, but failed, among other things, to set forth the accepted standards of accounting practice in preparing such a projection or those applicable to the other alleged instances of negligence. Further, B & D's argument that its advice did not proximately cause the parties to file jointly because plaintiff's wife would never have agreed to file separately is undermined by, among other things, its failure to cite any authority for the proposition that spouses need one another's permission to file separate tax returns.
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK