## McHugh v Consolidated Edison Co. of N.Y., Inc.

2024 NY Slip Op 32058(U)

June 18, 2024

Supreme Court, New York County

Docket Number: Index No. 162650/2015

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. MARY V. ROSADO                    PART                33M

*Justice*

---------------------------------------------------------------------X    INDEX NO.        162650/2015

EDWARD MCHUGH,

                                  Plaintiff,             MOTION DATE     01/12/2023

                            - v -                 MOTION SEQ. NO.    007

CONSOLIDATED EDISON COMPANY OF NEW YORK,
INC.,PEDUTO CONSTRUCTION CORP., CITYWIDE
PAVING INCORPORATED,

                                    **DECISION + ORDER ON**
              Defendants.                    **MOTION**

---------------------------------------------------------------------X

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.          Third-Party
                                   Index No. 595294/2018
                Third-Party Plaintiff,

                     -against-

PEDUTO CONSTRUCTION CORP.

                Third-Party Defendant.

---------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 007) 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 291

were read on this motion to/for              JUDGMENT - SUMMARY       .

Upon the foregoing documents, and after oral argument, which was held on November 21, 2023 with Nancy B. Clifford, Esq. appearing for Plaintiff Edward McHugh ("Plaintiff"), Joseph Glatstein, Esq. appearing for Defendant/Third-Party Plaintiff Consolidated Edison Company of New York, Inc. ("Con Ed") and Kevin Sheehan, Esq. appearing for Defendant Citywide Paving Incorporated ("Citywide"), Citywide's motion for summary judgment in favor of Citywide dismissing Plaintiff's Complaint and any cross-claims asserted against Citywide is denied.

## I.      Background

The underlying action involves injuries allegedly suffered by Plaintiff, a police officer, who claims that he tripped over a defective condition on the road in front of West 181st Street, New York, NY (NYSCEF Doc. 258).

Plaintiff commenced this action by filing of the original Complaint dated December 11, 2015 solely against Defendant Con Ed, alleging that Plaintiff's accident occurred in front of 662 West 181st Street, New York, New York (NYSCEF Doc. 255). Subsequently, on January 15, 2018 Plaintiff commenced an action against Defendant Peduto Construction Corp. ("Peduto") for the same injuries, again alleging that his accident occurred at 662 West 181st Street, New York, New York (NYSCEF Doc. 256). On March 9, 2018 Defendant Con Ed commenced a third-party action in the instant case against Peduto (NYSCEF Doc. 257). Thereafter, on May 24, 2018 Plaintiff commenced another action against Defendant Citywide, alleging for a third time that his accident occurred at 662 West 181st Street, New York, New York (NYSCEF Doc. 275).[1]

However, Plaintiff's Third Supplemental Bill of Particulars dated June 22, 2022 alleges that Plaintiff's accident occurred in a hole across from 661 West 181st Street and 665 West 181st Street, which are next to each other on one side of the roadway, and across from 662 West 181st Street on the other (NYSCEF Doc. 268 at ¶ 4). On September 6, 2019 Defendant Con Ed asserted cross-claims against Defendants Con Ed, Peduto and Citywide for (1) common law indemnification and contribution; (2) contractual indemnification and contribution; and (3) breach of contract for failure to procure insurance (NYSCEF Doc. 260).

On January 12, 2023 Defendant Citywide brought the instant motion for an Order granting summary judgment in favor of Citywide and dismissing all claims and cross-claims as against

---

[1] The three pending actions were consolidated into the above captioned index number by Decision and Order filed March 15, 2019 (NYSCEF Doc. 259).

**162650/2015  MCHUGH, EDWARD vs. CONSOLIDATED EDISON COMPANY**
**Motion No. 007**

**Page 2 of 9**

Citywide (NYSCEF Doc. 253). In support of its motion, Citywide argues, *inter alia*, that its motion should be granted because (1) there is no proof that Citywide performed any work at the location of Plaintiff's accident; (2) Citywide owed no duty to Plaintiff; and (3) if Citywide did owe a duty to Plaintiff, Citywide was not negligent (NYSCEF Doc. 254).

## II.  **Discussion**

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. (*see e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (see *Banco Popular North Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381 [2004]).

Pursuant to CPLR 3212(b), a motion for summary judgment must be supported by the affidavit of a person having personal knowledge of the facts. Further, the First Department has held that "an affidavit by an individual without personal knowledge of the facts does not establish the proponent's prima facie burden" (*Saunders v J.P.Z. Realty, LLC*, 175 AD3d 1163, 1164 [1st Dept 2019]; *see also Dempsey v Intercontinental Hotel Corp.*, 126 AD2d 477, 479 [1st Dept 1987] (holding that "[a]n affirmation by an attorney who does not claim to have any personal knowledge of the facts has no probative value"). However, the affirmation of counsel may serve "as a vehicle

**162650/2015   MCHUGH, EDWARD vs. CONSOLIDATED EDISON COMPANY**
**Motion No.  007**

**Page 3 of 9**

[* 3]

for the submission of evidentiary proof in admissible form, such as a [party's] deposition (*Aur v Manhattan Greenpoint Ltd.*, 132 AD3d 595 [1st Dept 2015]). In this regard, the Court of Appeals has held that "[t]he fact that defendant's supporting proof was placed before the court by way of an attorney's affidavit annexing plaintiff's deposition testimony and other proof, rather than affidavits of fact on personal knowledge, does not defeat defendant's right to summary judgment" (*Olan v Farrell Lines, Inc.*, 64 NY2d 1092, 1093 [1985]).

### i. Questions of Fact Remain Regarding Whether Citywide Performed Work at the Location of Plaintiff's Accident

It is well established that summary judgment is proper where a defendant shows that the record contains no evidence that it performed or was ordered to perform any work at the site of the plaintiff's accident (*Robinson v City of New York*, 18 AD3d 255, 256 [1st Dept 2005]). Here, Defendant Citywide argues that it is entitled to summary judgment because the record establishes that "Citywide did not perform work at the accident location" (NYSCEF Doc. 254 at 10).

In support of this contention, Citywide relies, *inter alia*, on the testimony of Con Ed's Chief Construction Inspector, Lance Del Plato ('Del Plato"), who asserts that "the surface material involved [in Plaintiff's accident] was concrete" (NYSCEF Doc. 262 at 68). Further, Citywide cites to the testimony of Citywide Superintendent, John Denegall ("Denegall") who testified that Citywide does only asphalt work and that Citywide's work contract with Con Ed was for "asphalt only restoration" and did not relate to concrete (NYSCEF Doc. 264 at 13). Denegall also testified that he reviewed Citywide's records and concluded that Citywide did not perform any work at 662 West 181st Street in New York City (*Id.* at 14-16).

Notably, while Plaintiff initially contended that his accident occurred at 662 West 181st Street, as discussed above, Plaintiff's Third Supplemental Bill of Particulars alleges that Plaintiff's accident occurred "across from the premises known as 661 West 181st Street (NYSCEF Doc. 268

**162650/2015  MCHUGH, EDWARD vs. CONSOLIDATED EDISON COMPANY**
**Motion No. 007**

**Page 4 of 9**

at ¶ 4). Further, the "Report of Street and/or Sidewalk Openings – Street Segment", submitted by Con Ed to Harleysville Worcester Insurance Company ("Harleysville"), Citywide's insurance carrier, is for work done in front of 661 West 181st Street (NYSCEF Doc. 276 at 12). As there is evidence in the record that Plaintiff's accident occurred at Citywide 661 West 181st Street as well as evidence that Citywide performed work at 661 West 181st Street, Denegall's testimony that Citywide performed no work in front of 662 West 181st Street does not eliminate questions of fact regarding Citywide's work performed at 661 West 181st Street. Further, photos of the accident location, attached as Exhibit C to Plaintiff's opposition papers, show asphalt on the roadway where Plaintiff allegedly fell, thus raising a question of fact as to whether asphalt work was done at that location (NYSCEF Doc. 284).

In light of the foregoing, the Court finds that questions of fact remain regarding whether Citywide performed work at the location of Plaintiff's accident.

          ii.       Questions of Fact Remain Regarding the Duty Owed by Citywide to Plaintiff

Citywide argues that the agreement between Con Ed and Citywide does not give rise to liability on the part of Citywide to Plaintiff (NYSCEF Doc. 245 at ¶ 45). However, in *Espinal v. Melville Snow Contrs.*, 98 N.Y.2d 136, 138 (2002), which Citywide cites in support of its contention, the Court of Appeals held that "irrespective of the attendant contractual obligations, tort liability to a third person may arise where 'the putative wrongdoer has advanced to such a point as to have launched a force of instrument of harm, or has stopped where inaction is at most a refusal to become an instrument for good'" (*Espinal v. Melville Snow Contrs.*, 98 N.Y.2d 136, 138 [2002] *quoting H.R. Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]).

**162650/2015 MCHUGH, EDWARD vs. CONSOLIDATED EDISON COMPANY**
**Motion No. 007**

**Page 5 of 9**

Here, questions of fact remain as to whether Citywide's performed work at the site of Plaintiff's injury. Questions also remain regarding whether Citywide's negligence in the performance of that work launched an instrument of harm giving rise to liability.

    iii.    Citywide's Motion for Summary Judgment Dismissing Defendant Con Ed's Cross-Claim Against Citywide for Common Law Indemnification and Contribution is Denied

It is well established that a motion for summary judgment seeking dismissal of common-law indemnification and contribution claims should be denied where there are material issues of fact as to whether negligence by the moving party caused or contributed to the plaintiff's injuries (*Douglas v Roseland Dev. Assoc., LLC*, 225 AD3d 467, 468 [1st Dept 2024]).

Citywide argues that the common law indemnification cross-claim asserted against it by Con Ed must be dismissed because Citywide has made a *prima facie* showing that it was not negligent (NYSCEF Doc. 253 at ¶ 52). Further, Citywide contends that the common law contribution cross-claim asserted by Con Ed against it must also be dismissed because there is no issue of fact as to Citywide's negligence. However, as discussed above, material questions of fact remain regarding Citywide's negligence which precluded summary dismissal of Con Ed's common law indemnification and contribution cross-claims.

    iv.    Citywide's Motion for Summary Judgment Dismissing Defendant Con Ed's Cross-Claim Against Citywide for Contractual Indemnification is Denied

It is well established that the "right of a party to recover indemnification on the basis of a contractual provision depends on the intent of the parties and the manner in which that intent is expressed in the contract" (*Suazo v Maple Ridge Assoc., L.L.C*, 85 AD3d 459, 460 [1st Dept 2011]). Here, Citywide contends that the agreement between Con Edison and Citywide contains

162650/2015   MCHUGH, EDWARD vs. CONSOLIDATED EDISON COMPANY
Motion No. 007

Page 6 of 9

the following language:

> Citywide to defend and indemnify Con Edison all claims, damage,
> loss and liability, for injury to or the death of persons resulting from,
> or connected with, the performance of the insured's work including
> claims arising from the partial or sole negligence of Con Edison
> (NYSCEF Doc. 254 at ¶ 55). [2]

Citywide argues that indemnification provision is not triggered because Plaintiff's injuries "did not arise out of and were not connected in any manner to Citywide's work" (*Id.* at ¶ 56). Even assuming, *arguendo*, that the contract between Con Ed and Citywide does contain the language cited by Citywide, as discussed above, Citywide has failed to demonstrate as a matter of law that Plaintiff's injures did not arise out of Citywide's work. Further, Citywide has failed to demonstrate that Plaintiff's injuries were not partially or solely caused by the negligence of Con Ed.

In light of the foregoing, Citywide's motion for summary judgment dismissing Con Ed's cross-claim for contractual indemnification against it is denied.

v. Citywide's Motion for Summary Judgment Dismissing Defendant Con Ed's Cross-Claim Against Citywide for Breach of Contract for Failure to Procure Insurance is Denied

The contract between Citywide and Con Ed requires, *inter alia*, that Citywide procure insurance for the benefit of Con Ed, with Comprehensive Liability Coverage with a combined single limit of $7,500,000 per occurrence (NYSCEF Doc. 270 at ¶ 37). Citywide is also required to name Con Edison as an additional insured (*Id.*).

Citywide argues that any claims against Citywide for breach of contract for failure to procure insurance must be dismissed as against Citywide because Citywide obtained the requisite insurance (NYSCEF Doc. 254 at ¶ 58). In support of this contention, Citywide attached a copy of Citywide's Commercial General Liability Policy (NYSCEF Doc. 271). Although Citywide was

---

[2] Citywide quotes this contractual language without reference to any exhibit.

**162650/2015  MCHUGH, EDWARD vs. CONSOLIDATED EDISON COMPANY**
**Motion No.  007**

contractually obligated to procure $7,500,000 in liability coverage, the General Liability Policy shows that Citywide only procured $2,000,000 in liability coverage (NSYCEF Doc. 271). Further, there is no indication on the General Liability Policy that Con Ed was included as an additional insured on the policy (NYSCEF Doc. 271).

In light of the foregoing, the Court finds that questions of fact remain as to whether Citywide breached its contract with Con Ed by failing to procure the required insurance. As such, Citywide's motion for summary judgment dismissing Con Ed's cross-claim for breach of contract is denied.

Accordingly, it is hereby,

ORDERED that Defendant Citywide Paving Incorporated's motion for summary judgment in favor of Citywide dismissing Plaintiff Edward McHugh's Complaint and any cross-claims asserted against Citywide is denied; and it is further

ORDERED that on or before July 9, 2024, the parties in this case shall submit a proposed Status Conference Order via e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties are unable to agree to a proposed Status Conference Order, the parties are directed to appear for an in-person status conference on July 10, 2024 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

*[The remainder of this page is intentionally left blank]*

162650/2015   MCHUGH, EDWARD vs. CONSOLIDATED EDISON COMPANY
Motion No. 007

Page 8 of 9

8 of 9

ORDERED that within 10 days of entry, counsel for Plaintiff Edward McHugh shall serve a copy of this Decision and order, with notice of entry, on all parties to this case; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 6/18/2024 | | | | *Mary V Rosado* JSC |
|-----------|---|---|---|------------------------|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**162650/2015 MCHUGH, EDWARD vs. CONSOLIDATED EDISON COMPANY**
**Motion No. 007**

Page 9 of 9