## 130 E. 18 Owners Corp. v Axelrod

2025 NY Slip Op 32210(U)

June 23, 2025

Supreme Court, New York County

Docket Number: Index No. 158632/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. PAUL A. GOETZ</u>

*Justice*

PART      47

-----------------------------------------------------------------------------X

130 E. 18 OWNERS CORP.,

           Plaintiff,

- v -

PETER A AXELROD, AXELROD, FINGERHUT & DENNIS

           Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158632/2024 |
| MOTION DATE | 01/10/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion to/for       <u>DISMISSAL</u> .

In this legal malpractice action, defendants move pursuant to CPLR §§ 3211(a)(1) and (a)(7) to dismiss the complaint, and plaintiff cross-moves to stay the action pending the resolution of a separate action.

## BACKGROUND

Plaintiff owns a multi-unit residential cooperative located at 130 E 18 Street, New York, New York 10003 (the building) (NYSCEF Doc No 9 ¶ 2). On February 10, 2020, a fire broke out in the apartment of building tenant/shareholder David Yanson, which caused damage to certain units and common areas in the building (*id.* ¶ 3).

Plaintiff retained defendant Peter A. Axelrod Esq., counsel for defendant Axelrod, Fingerhut & Dennis (the firm), "to represent it in connection with investigating and pursuing claims against Yanson relating to his negligence and misuse of his apartment, as well as negotiating with Yanson to sell his shares or otherwise move out of the Building" (the buy-out agreement) (*id.* ¶ 4). Plaintiff alleges that as it engaged in settlement negotiations with Yanson, it

158632/2024   130 E. 18 OWNERS CORP. ET AL vs. AXELROD, PETER A ET AL
Motion No.  001

Page 1 of 7

"repeatedly instructed Defendants that any Buy-Out Agreement needed to be approved by their insurer, Strathmore Insurance Company/Greater New York Insurance Company ('GNY'), to avoid voiding Plaintiff's coverage for claims in an action filed by certain unit owners/tenants against Owners Corp. and others relating to the fire" (*id.* ¶ 5).

On February 27, 2021, several tenants of the building filed an action against plaintiff, the City of New York, Yanson, and several others to recover for personal injuries and property damage arising from the fire: *Cassels et al v The City of New York*, Index No 152026/2021 (the tenant action).

On April 13, 2021, Axelrod sent to GNY representative Julio Urribiera a draft of the buy-out agreement which included the following language in paragraph 3: "Upon the closing of the purchase by Proprietary Lessor, Proprietary Lessor agrees to withdraw with prejudice the Notice of Default Under Proprietary Lease dated February 9, 2021 and each party agrees not to pursue any claim against the other party for any breach or claimed breach of the Proprietary Lease" (the proposed language) (*id.* ¶ 34).

Urribiera responded that the proposed language was too broad, and suggested that paragraph 3 be replaced with the following language: "Upon the closing of the purchase by Proprietary Lessor, Proprietary Lessor agrees to withdraw with prejudice the Notice of Default Under Proprietary Lease dated February 9, 2021 and *Proprietary Lessor agrees to release Proprietary Lessee from any claim for an increase in insurance premium due to the claimed breach set forth in the Notice of Default. Proprietary Lessee agrees to release Proprietary Lessor for any breach or claimed breach set forth in the Notice of Default*" (the approved language) (*id.* ¶¶ 35-36 [emphasis added to indicate changes]). Urribiera followed up to clarify that GNY "would not agree to anything" that failed to "preserve[] all liability defenses and rights

**158632/2024    130 E. 18 OWNERS CORP. ET AL vs. AXELROD, PETER A ET AL**
**Motion No.  001**

Page 2 of 7

2 of 7

to indemnification, contribution, and apportionment of liability," and "reserve the right to deny coverage if any agreement impacts our ability to enforce the[se] rights against the shareholder" (*id.* ¶ 37; NYSCEF Doc No 26).

Axelrod responded: "[I] cut out the revised paragraph 3 that I sent you earlier today and replaced it with the paragraph 3 that you forwarded to me in your e mail of 2:45 pm today" (i.e., the approved language) and attached the buy-out agreement (*id.* ¶ 39). He asked Urribiera to confirm that the "agreement as modified [is] now acceptable to GNY," and Urribiera did so confirm (*id.* ¶¶ 40-41). However, no one noticed that the version of the agreement Axelrod attached—which was then signed by Yanson—still mistakenly contained the proposed language, and not the approved language (*id.* ¶¶ 43-45 [plaintiff alleges that it "reviewed the cover email but was not asked to and did not review the attached draft"]).

On May 28, 2021, the closing on the purchase of the apartment took place, and plaintiff withdrew its default notice (*id.* ¶ 50). On July 28, 2021, "GNY informed Plaintiff that because of Defendants' failure to use [the approved] language . . . and the failure to preserve the rights of Plaintiff and GNY against Yanson, it was disclaiming coverage for the claims made in the Tenant Action" (*id.* ¶ 51 ["We required you to preserve your and our rights in recovery against Mr. Yanson for a fire loss and not to release any claim against him in connection with the fire loss. Contrary to our requirement, we recently learned that you signed a release that did not contain our approved release language."]). After plaintiff and GNY engaged in "protracted negotiations" (causing plaintiff to incur "at least $45,000 in legal fees and expenses"), "GNY agreed to provide a courtesy defense to Owners Corp. and its management company and affiliate for the Tenant Action," however, it "maintain[ed] its denial of liability coverage for the claims

**158632/2024  130 E. 18 OWNERS CORP. ET AL vs. AXELROD, PETER A ET AL**
**Motion No. 001**

**Page 3 of 7**

3 of 7

[* 3]

made in the Tenant Action and reserved its rights to cease paying for defense fees and expenses on 45 days' notice under the terms of a Confidential Non-Waiver Agreement" (*id.* ¶¶ 52-55).

Plaintiff's sole cause of action is for legal malpractice based on defendants' failure to ensure that the buy-out agreement contained the approved language, alleging that "[b]ut for defendants' deviation from customary standards of practice, Plaintiff and Yanson would have executed a Buy-Out Agreement containing a release that had been approved by GNY and, consequently, [] Plaintiff's insurance coverage from GNY" would not have been voided (*id.*).

## DISCUSSION

"To establish a cause of action for legal malpractice, plaintiff must show that: (1) the attorney was negligent; (2) the attorney's negligence was a proximate cause of plaintiff's losses; and (3) plaintiff suffered actual damages" (*Springs v L&D Law P.C.*, 234 AD3d 422, 423 [1st Dept 2025] [quotation omitted]). As to negligence, "a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" (*Aur v Manhattan Greenpoint Ltd.*, 132 AD3d 595, 595 [1st Dept 2015] [quotation omitted]). "An attorney's conduct or inaction is the proximate cause of a plaintiff's damages if but for the attorney's negligence the plaintiff would have succeeded on the merits of the underlying action or would not have sustained actual and ascertainable damages" (*83 Willow, LLC v Apollo*, 187 AD3d 563, 563 [1st Dept 2020] [quotation omitted]). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action" (*Philip S. Schwartzman, Inc. v Pliskin, Rubano, Baum & Vitulli*, 215 AD3d 699, 703-04, [2nd Dept 2023] [quotation omitted]).

Defendants argue that plaintiff cannot establish that they proximately caused plaintiff's damages because Yanson would not have agreed to the approved language; Yanson has not

**158632/2024   130 E. 18 OWNERS CORP. ET AL vs. AXELROD, PETER A ET AL**
**Motion No. 001**

**Page 4 of 7**

4 of 7

appeared or invoked paragraph 3 in the tenant action; the contract does not bar plaintiff from making contribution or indemnification claims; and plaintiff's failure to challenge GNY's disclaimer of coverage broke the causal chain (NYSCEF Doc No 23). Defendants also argue that plaintiff's alleged damages are speculative and not ripe because the tenant action (and the issue of GNY's coverage) has not been determined, and notes that plaintiff is a sophisticated client that voluntarily agreed to the contract as Axelrod presented it (*id.*).

Plaintiff argues that it has sufficiently alleged proximate causation by alleging that, but for Axelrod's drafting error and/or misrepresentation of the contents of the agreement, the approved language would have been included, Yanson would have signed the correct agreement, and GNY would not have denied coverage (NYSCEF Doc No 29). Plaintiff further argues that it has sufficiently alleged actual damages, as it has already incurred attorneys' fees and expenses in its negotiations with GNY, and may suffer additional damages, depending on the outcome of the tenant action (*id.*). It also asserts that even if it was comparatively negligent in failing to review the final draft of the buy-out agreement, this would not be dispositive as to defendants' liability (*id.*).

On a motion to dismiss, the court "must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every reasonable inference, and determine only whether the facts, as alleged fit within any cognizable legal theory" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024]). Under this lenient standard, plaintiff has sufficiently stated a claim for legal malpractice.[1] Notably, defendants do not directly address plaintiff's assertion that Axelrod's error was negligently made; plaintiff explains its basis for reasoning that Yanson would have signed the agreement with the approved language

---

[1] While defendants also seek dismissal on the grounds that plaintiff's claim is barred by documentary evidence, they do not specify what documentary evidence they are referring to.

**158632/2024   130 E. 18 OWNERS CORP. ET AL vs. AXELROD, PETER A ET AL**
**Motion No.  001**

Page 5 of 7

[* 5]

(NYSCEF Doc No 29, p. 12); GNY specifically stated that it was disclaiming coverage because plaintiff "signed a release that did not contain our approved release language" (NYSCEF Doc No 9, ¶ 51); and plaintiff alleged that it has already incurred legal fees in negotiating this matter with GNY.

Plaintiff does, however, acknowledge that it is unable to ascertain all its damages at this time, as they "are derived substantially from [plaintiff's] increased costs and potential liability in the Tenant Action," and the outcome of that action "will determine whether [its] legal malpractice claim is worth pursuing" (NYSCEF Doc No 29). Plaintiffs therefore cross-move to stay this action pending the outcome of the tenant action. Defendants argue that "Plaintiff's motion to stay the litigation—which Plaintiff themselves commenced—should be denied because the underlying Shareholders' Action is still in its early stages and a stay would unjustly prejudice Attorney Axelrod by forcing him to wait an indefinite period for resolution" (NYSCEF Doc No 31). Reasonable as these objections may be, as plaintiff notes, its only options were to bring the action when it did or allow the statute of limitations to expire (NYSCEF Doc No 25 [the statute of limitations was first set to expire in April 2024; defendants agreed to toll the statute of limitations to October 2024; in September 2024, plaintiff requested an extension, which defendants denied]). Since the extent of plaintiff's damages—and its desire to further pursue this matter at all—depend on the outcome of the tenant action and GNY's ultimate determination on coverage, the action must be stayed.

**CONCLUSION**

Based on the foregoing, it is

ORDERED that defendants' motion to dismiss the complaint is denied; and it is further

**158632/2024   130 E. 18 OWNERS CORP. ET AL vs. AXELROD, PETER A ET AL**
**Motion No.  001**

**Page 6 of 7**

6 of 7

ORDERED that plaintiff's cross-motion to stay this matter pending a final determination

in *Cassels et al v The City of New York*, Index No 152026/2021, is granted.

20250623124843PGOETZE2A8C91F3ADA4727A75A36256CD62EE8

**6/23/2025**
_____
**DATE**

_____
**PAUL A. GOETZ, J.S.C.**

**CHECK ONE:**   ☐ CASE DISPOSED   ☒ NON-FINAL DISPOSITION

  ☐ GRANTED   ☐ DENIED   ☒ GRANTED IN PART   ☐ OTHER

**APPLICATION:**   ☐ SETTLE ORDER   ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:**   ☐ INCLUDES TRANSFER/REASSIGN   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

**158632/2024   130 E. 18 OWNERS CORP. ET AL vs. AXELROD, PETER A ET AL**
**Motion No.  001**

Page 7 of 7

7 of 7